## COOPER v. MAUPIN.

1. A right of way, *from necessity*, from one part of the claimants land to another part of the same tract, over the land of another, cannot exist.

2. Where the declaration in trespass contains two courts, one under the statute, and the other at common law, and the verdict is general, the court will presume that the verdict is for single damages only.

Appeal from the Franklin circuit court.

*Frissell for Appellant.*

1st. That the court erred in permitting testimony to go to the jury respecting the number of times the fence had been thrown down, that not being a matter in issue.

2nd. That the court erred in permitting a witness to express his opinion on the comparative practicability of making a road down two different bluffs, the said witness not being an engineer.

3rd. That the court erred in refusing the 4th instruction prayed for by the appellant, 3 Kent Comm. 419 424 Howton v Treason 8 T. R. 50.

4th. That the court erred in refusing the 7th instruction prayed for by the appellant.

5th. That the court erred in giving the third instruction prayed for by the appellee, 3 Kent 422, O. Fallon v Dagget and Price 4 Mo. Rep. 346, as to the last reservation.

6th. That the Court erred in rendering Judgment upon the verdict of the jury in this case, the damages being entire, and the finding being upon counts on which both single and double damages must be assessed, Withington v Young 4 Mo. R. 564, Lowell v Lewis 1 Mason Cox dig. 232.

7th. That the jury should have found the issues joined upon the special pleas, and, in case of finding for the plaintiff, the damages should have been subsequently assessed by another.

## Polk for Appellee.

1st. The court ruled rightly in allowing proof to go to the jury of the number of times defendant threw down plaintiffs fence.

2nd. That the court committed no error in permitting plaintiff to prove that defendant had said, a road could be made down the bluff at his mill by a couple of hands in two or three months, and that the bluff at the mill was not higher or more difficult than that along defendants land, round which the way of necessity is claimed.

3. That the court did right in refusing to give the fourth and seventh instructions asked by defendant.

4th. That the court did right in giving the instructions prayed for by the plaintiff's counsel.

5. That the second motion for a new trial was properly overruled by the court.

6. That the motion in arrest of judgment was properly overruled by the court.

## Opinion of the Court by Napton Judge.

Maupin the appellee sued Cooper in the Franklin Circuit court in an action of trespass quare clausum fregit. The declaration contains three counts. The first count charged, that defendant on a day specified, and on divers other days from that day until the commencement of this suit, broke

SEPT. TERM.
1840.

Cooper
v
Maupin,

and entered into a certain close of plaintiff (describing it) and then and there prostrated the fence of plaintiff, of great value, to wit: fifty dollars, and trampled down corn, wheat, oats and grass to the value of ten dollars, and with his cattle depastured and eat up the corn, oats &c. of said plaintiff to the value of ten dollars; and then and there prostrated and cut down the trees of plaintiff, and then and there dug up the soil, and also took and converted to his own use the fence, rails and timber, and wood, of the value of ten dollars, and other wrongs did by means whereof &c.

The second count is founded on the 2d, section of the act entitled an act to prevent certain trespasses, approved Feb. 25 1835, (Rev. Co. of 35 p. 612) and the third count is framed upon the same section.

To this declaration defendant pleaded; 1, general issue; 2, leave and license; 3, a right of way by necessity, and that the acts complained of were only such as were necessary to a proper enjoyment of such right of way; 4th, agreement by plaintiff with defendant in consideration of certain work, labour, and materials, furnished by latter to the former, by which the former granted to the latter, his heirs and assigns, a right of way over plaintiffs close, from a certain highway in Franklin county to the close of defendant, and that the acts complained of were done in the proper use of said way.

Issues were taken on these pleas, the parties went to trial, and a verdict was given to Maupin for $175,00, which on motion was set aside and a new trial granted. At the June term 1839, defendant withdrew his plea of the general issue, and a trial was had on the remaining issues. The jury found each of the issues for the plaintiff, and assessed his his damages to one hundred and fifty dollars; judgment was given for the damages aforesaid and costs. The defendant, moved for a new trial; because the verdict was against law and evidence; because the court misinstructed the Jury; because the court refused proper testimony and admitted improper testimony, and the damages were excessive. A motion was also made in arrest of judgment, because general damages had been assessed by the jury upon a general finding, and under the common law count the damages were

single, and under the statutory count treble damages were recoverable. Both these motions were overruled.

From the bill of exceptions the following facts may be considered beyond dispute. Leah Maupin in 1825 conveyed by deed to Cooper the land on which he resided at the institution of this suit, being a part of her entire tract. In 1830, she conveyed the remainder to Maupin. From the plat of the land exhibited on the record, it seems that the bluff of the Missouri river separated that part of Coopers land on which his house was located from a field which he cultivated in the bottom, and this bluff, which was steep, extended through his entire tract; both Cooper and Maupin lived on the bluff, and had fields in the bottom; near the dividing line between Cooper and Maupin was a ravine, along which Cooper and Maupin had by their joint labour constructed a road to their fields in the bottom. This road was on Maupins land. Cooper could get to his bottom field by another road leading through the land of Mr. Williams, which was somewhat further than the road through Maupins land. About the last of March 1838, Maupin fenced up the road with a good fence, staked and ridered, which Cooper threw down whenever he had occasion to pass the road. One witness testified that the fence was thrown down by Cooper thirty three times, and other witnesses testified to sixteen times, other than those spoken of by the first witness. This testimony in relation to the number of trespasses, was objected to by defendant, but admitted by the court. A witness also testified, that at the foot of another bluff, where Cooper had another piece of land, Cooper had been building a mill, and he (witness) had heard Cooper say, that he could make a road to the top of the bluff, where his mill was, at the expense of two or three months work, with a couple of hands, and witness thought that the bluff at the mill was as bad as the bluff at Coopers field. This testimony was also objected to by the defendant, but was allowed to go to the jury.

The defendant moved for the following instructions:

1. That Leah Maupin in conveying to Cooper the land specified in the deed bearing date Nov. 24th 1825, convey-

SEPT. TERM.
1840.

Cooper
v
Maupin

ed to him all privileges she there possessed in other adjoining lands necessary for Coopers complete enjoyment of the land by said deed.

2. That the conveyance of the land, adjoining that already conveyed to Cooper, to the plaintiff Maupin, vested in Maupin the said land, subject to the rights and easements of Cooper in that land.

3. That if the jury believe from the evidence that both Maupin and Cooper claimed under Leah Maupin, and that the conveyance to Cooper was prior to the conveyance to Maupin, and that the way in question over a part of the land of Maupin was necessary to Cooper for the enjoyment of the land conveyed to him by Leah Maupin, they must find for the defendant.

4. That if the jury believe from the evidence that the way in question is a way of necessity for Cooper to enjoy his own land, they must find for the defendant.

5. That if the jury believe from the evidence that the laying down the fences, and other acts complained of in the 2nd and 3rd counts, were necessary for Cooper to do, in order to go to his own close, they must find for the defendant on the said two counts.

6. That if the jury believe that the way, out of which the fences were thrown, was made by Maupin and Cooper in partnership, and for their joint use, and that Cooper was in possession of said way, as far as such property is susceptible of possession, with the consent of the plaintiff, the action of trespass does not lie.

7. That if the jury believe from the evidence that Maupin offered to pay Cooper for the way, it was an acknowledgment of Cooper's right to use the way, and the action of trespass does not lie.

All of which instructions except the 4th and 7th the court gave. At the instance of the plaintiff the court also gave the following instructions.

1. On the issue made upon the second plea the jury must find for the plaintiff, unless they believe from the evidence that the acts alleged in the declaration as trespasses were committed by defendant on a way leading from a certain

public highway in Franklin county to the close of defendant,

and that the defendant had no other way from said highway to said defendants close mentioned, than that on which said acts were committed, and that said acts were only such as were necessary to be done in passing said way.

2. On the issue made upon the third plea, the jury must find for the plaintiff, unless they believe from the evidence, that before committing the acts attempted to be justified in said plea, there was an agreement made between owner of close of plaintiff and owner of close of defendant, in consideration of certain work and labor, &c., as alleged in said plea, by which the former granted to the latter and his assigns, a certain way from the public highway to the defendants close, over plaintiffs close, and that the said acts were committed in passing on said way, so granted as aforesaid, and were only such as were necessary in so passing, and even if the jury shall find the justification alleged in the fourth plea to be true, it does not bar the plaintiff from recovering on 2d and 3d counts of the declaration.

3. That the defendant can have no right of way by necessity over the land of the plaintiff to any other portion of the same entire tract of defendant's land.

The errors insisted on in this court are;

1st. The admission of improper testimony;

2nd. Erroneous instructions given and proper ones refused.

3rd. Refusal to grant a new trial, and

4th. Refusal of the court to arrest the judgment.

I will examine these points in their order: 1st. Whatever may be the proper constructions to be given to the first count, the second and third counts are obviously framed upon the statute, and the second section of this act imposes a penalty of five dollars for every trespass therein described. The declaration alleged that on a certain day specified, and on various other days between the days specified and the time of bringing this suit, the defendant committed certain trespasses.

In order that the jury should know the amount of damage sustained, it was therefore proper that the number of trespasses should be given in evidence. The withdrawal of

SEPT. TERM.
1840.

Cooper
v
Maupin

the general issue could not deprive the plaintiff of this right, for the special pleas of justification admitted every thing charged in the declaration, and the plaintiff had a right to submit such proof to the jury, as, in the event of their negativing the pleas, would enable them to ascertain the amount of damage done, on any other supposition a writ of enquiry would be necessary in every case where special defences were set up; this would be a very inconvenient practice, and no precedent has been cited to sustain it.

It is also objected, that the court suffered certain admissions of the defendant in relation to the practicability and cost of constructing a road over a certain bluff on the river, where the defendant had a saw mill, to go to the jury, with a view to negative the idea of a way from necessity. This admission was collateral, but connected with the statement of the witness in relation to the comparative steepness of that bluff, and the one running through defendants land, over which no road, as defendant contended, could be made; it was legitimate proof to sustain the plaintiff's case. The only objection urged to this collateral admission, in this court, is, that the witness who gave his opinion about the comparative heights of the two bluffs was not an engineer, I should suppose that it did not require the eye of an engineer to form a tolerably correct judgment of the comparative height and steepness of the two bluffs, for any purpose contemplated by either of these parties. If what the witness detailed had been a mere matter of opinion, the particular skill and judgment which he possessed ought to have been shown, before his opinion could have gone to the jury. But, instead of stating what he supposed to be the height and steepness of each bluff, and leaving the jury to make the comparison for themselves, which would in general be the most correct mode of testifying, he stated what amounted to the same thing, that each bluff was about the same height, and about equally impassable. This objection therefore seems to me rather captious.

2nd. The court refused to give the fourth and seventh instructions asked by the defendant. The fourth instruction was properly refused, because it did not leave to the jury to

determine whether the trespasses complained of were committed in the proper use of the way or not. The seventh instruction contained an assumption that an offer on the part of Maupin to pay Cooper was an acknowledgment of Cooper's right to use the way, and was for that reason properly refused.

The first and second instructions given by the court for the *plaintiff*, seem to be unexceptionable. The third instruction, however, involves a more difficult and important question, the determination of which must settle the rights of the parties in this suit.

What constitutes a way by necessity, is not very well agreed on among law writers. Serg. Williams (1 Saun. 323, n. 6,) is of opinion that there is no such thing as a right of way by necessity, except where it is plead by way of *prescription* or *grant*. To plead a way by necessity in general terms will not answer, Bullard vs. Harrison (4 M. & S. 387.) Where there was once a unity of possession, as in the case at bar, it must be plead as a way by grant, and as a *non existing* grant; Chancellor Kent, (3 Kent. Com. 341,) after reviewing the authorities, says that Sergeant Williams' doctrine is a sound one, "that it places the right upon a reasonable foundation, and one consistent with the general principles of law." Chancellor Kent is also of opinion that the cases of Dutton vs. Taylor, (2 Sutten R. 1487,) and Buckby vs. Coles, (5 Taun. 311,) established the doctrine, that a right of way may exist, by necessity, even over the land which the claimant of the way had previously sold. This is upon an implied reservation in the grant. The annotator on Saunders (1 Wm's Saunders 323, a, note h,) says the case of Buckby vs. Coles is not very intelligible, and indeed it has been expressly overruled by Bullard vs Harrison, (4 M. & S. 387,) so far as allowed a general plea of necessity.

In Packer vs. Welsted (2 Sid R. 39, cited 2 Kent 380,) A had three parcels of land, and there was a way from the first to the second, and from the second to the third; B purchased all, and then sold the two first to C. It was held

Q 2

SEPT. TERM.
1840.

Cooper
v
Maupin

that B, still, notwithstanding his deed, had his way through the other two parcels.

The general principle to be drawn from these cases is, that where there are three parcels of land, and the owner of all three sells the middle one, he himself or, his assignees, or purchasers still retain a right of way through the middle parcel, there being no other way to get to the remaining land or third parcel, except by trespassing on their neighbor's land, and this is called a necessity. It seems to be both a legal and physical necessity.

The case of Pernam vs. Weed, (2 Mass. R. 203,) recognized the correctness of this principle, and that this right of way not only could exist when implied from a grant, but when a part of a man's land is taken from him against his will, as by an *extent*. But the court said it must be a way of *necessity*, not of *convenience*.

The case of Gayetty vs. Bethune (14 Mass. Rep. 49,) is in point. The court examined all the points on which the right of way was claimed. They declared it could not exist by grant, because there was no *adverse possession*, or if so, it had not continued for twenty years. As to a way from necessity, they say "This right depending upon necessity exists only when the person claiming it has no other means of passing from his estate into the public street or road. In the case before us, there is an avenue, and one which was provided when the house was built, leading from the street to the land in the rear of the house, *besides which the house abutts on the street or square, so that the plaintiff may open a passage*, if he has not one already. A right like this is to be construed strictly. In Temnan vs. Creed, the plaintiff had no other way to get from his land to the public street, and the front land had been taken from him *invito* by his creditors. In other cases where a man has granted land surrounded by his own which he retains, he is supposed tacitly to have granted a right of way. upon a well known principle that when a man grants any thing, he is held to have granted every thing necessary to the use and enjoyment of the thing granted. *It may well be doubted* if a man voluntarily takes a conveyance of land, surrounded on all

sides by the lands of his grantor and others, he can enforce this right of way under a plea of necessity, against any one but him who conveyed to him. Now in the present case the plaintiff must be held to have voluntarily purchased, knowing the situation of the estate; and if he had no access to the back part of it but over the lands of another, it was his own folly.

It will be observed, 1st, That the passage spoken of by the court as leading to the street from the yard of the plain. tiff, was merely a four foot passage, and of course did not answer for wagons, &c· 2, The court say no necessity *existed*, because the plaintiff could pull down his house or wall, and in that way make a passage if he thought proper. 3, The court obviously question the doctrine laid down in Kent and in Buckby vs. Coles, that a man taking a conveyance can claim a way of necessity from any one but the grantor. The authority, then, of the cases of Dutton vs. Taylor, (2 Lutthw. R. 1487,) Packer vs. Welsted, (2 Sid. R. 39,) and Buckby vs. Coles, (3 Taun.) is at least questionable, and has been doubted by Serg. Williams, and the supreme court of Massachusetts, in Gayetty vs. Bethune. Admitting them to be the settled law, I see no reasons for carrying the principles farther. No case has yet sustained a right of way from necessity from one part of the claimants land to another part of the same contiguous tract over the land of another. How can such a way be called a way of necessity? It may be convenient, but I understand the necessity must be absolute, and created by the intervention of anothers land. In Gayetty vs. Bethune, the court declared there was no necessity, because the plaintiff could have torn down his brick wall. A proceeding I should suppose as troublesome and expensive as cutting down a bluff.

*A right of way, from necessity, from one part of the claimants land to another part of the same tract, over the land of another, cannot exist.*

The case of McDonald vs. Lindall (3 Rawle's Pac. R. 492, 8 Wheeler Am. C. L. p 388,) sustains this position. The court held that a right of way from necessity extends to a single way.. "It is always," say the court, "from strict necessity, and the necessity cannot be created by the party claiming the right. *It never exists when a man can get to his property through his own land, however inconvenient the way through his own land may be.*"

SEPT. TERM
1840.

Cooper
v
Maupin

The court did not in my opinion err in instructing the jury "that the defendant can have no right of way by necessity over the land of plaintiff to any other portion of the same entire tract of defendants land."

Third. The refusal of the court to grant a second new trial, is also assigned for error. The second section of the 7th art. of the act concerning practice at law, provides that only one new trial shall be allowed to either party except where the triers of the fact shall have erred in a matter of law, or the jury shall be guilty of misbehavior, neither of these reasons existed in the case. No pretence was made that the jury had misbehaved, nor any that the jury had misconstrued the law as expounded to them by the circuit court; whether the court mistook the law or not, is another matter, and has been examined in investigating the second point.

Fourth. The first count in the declaration is supposed by defendants counsel to be a common law count, though concluding *contra forman statuti,* and being joined with the statutory counts, and the verdict a general one, judgment should have been arrested. When the verdict of the jury does not specify that double damages were found, I apprehend the presumption is that such verdict is only for single damages, and it is the province of the court to double or treble the damages. But if the party complaining chooses to take, as in this case, single damages only, the defendant has no right to complain. The verdict then being for single damages, would be good either under the common law count if such was the character of the first count, or the statutory counts. There was no cause, therefore, why it should be arrested. Judgment affirmed.

Where the declaration in trespass contains two counts, one under the statute, and the other at common law, and the verdict is general, the court will presume that the verdict is for single damages only.