FEOFFEES OF THE GRAMMAR SCHOOL IN IPSWICH *vs.* PROPRIETORS OF JEFFREY'S NECK PASTURE.

Essex. November 8, 1899. — November 29, 1899.

Present: HOLMES, C. J., KNOWLTON, MORTON, HAMMOND, & LORING, JJ.

*Way by Necessity — Finding — Obstruction of Way.*

The conditions which give rise to an implication that a way is granted where none is mentioned, must create a strict necessity for the way in order reasonably to use the property, and the right of way by necessity will continue only so long as the necessity continues.

Land had been used most of the time for over two hundred years for pasturage, and the cattle that fed there had always passed over adjoining land, there being

no other access to it by land, and the two lots being originally the property of a common owner. A portion of the land had been cultivated some of the time as a farm, and in recent years cottages had been erected upon it along the shore which were occupied by summer residents. A steamer usually ran up and down the river on which the land bordered twice a day in summer, stopping there, and was commonly used by the residents, but no teams with horses or oxen had been carried on the boat, and the only way to get there with a team was to go over the adjoining land. *Held,* in an action for obstructing an alleged right of way, that a finding that the way by water was not available for general purposes to meet the requirements of the uses to which the property would naturally be put, was warranted; and that it was fairly to be implied that a way by necessity over the adjoining land was intended to be granted.

In an action for obstructing a right of way over the defendant's land, if the testimony indicates that a fence and a ditch were so placed by him as to interfere with the use of any way that might be located or used over his land, and virtually to leave the plaintiff with no place to pass by land to his adjoining property, a finding that it was intended to be and was in fact an obstruction which would prevent the plaintiff from passing with teams over the defendant's property in the exercise of his right, is warranted.

TORT, for obstructing an alleged right of way over the defendant's premises, known as Great Neck, to the plaintiff's land, known as Little Neck, in Ipswich, by erecting a fence and digging a ditch across the former. Trial in the Superior Court, without a jury, before *Richardson,* J., who found for the plaintiff; and, by agreement of the parties, reported the case for the determination of this court. The facts appear sufficiently in the opinion.

*H. P. Moulton,* (*F. G. Preston* with him,) for the defendant.

*C. A. Sayward,* for the plaintiff.

KNOWLTON, J. The only question in this case is whether there was evidence to warrant the finding of the judge that the plaintiff corporation has a way of necessity over land of the defendant corporation. Before the year 1649 the two lots were the property of a common owner. In that year the plaintiff's lot was sold to one Paine. He by his will, proved in 1660, devised it to the plaintiff. The grantee in the deed of 1649 had no access to it by land except across the lot of the grantor, and the present plaintiff has not now and never has had such access except across this lot, which is now owned by the defendant. It is clear therefore that the grantee in that deed acquired a way of necessity, unless the fact that the land could be reached by water prevented his acquisition of such a way. The evidence shows plainly that the land could be used and was expected to be

used.  During the greater part of two hundred and fifty years it has been used for pasturage.  A portion of it has been cultivated some of the time as a farm, and in recent years many cottages have been erected upon it along the shore, which are occupied by summer residents.  The parties to the deed must have expected that the grantee and his successors in title would need a way by which to reach the property.

The defendant contends that the way by water answers all the requirements of ownership, and that therefore no way by necessity across the grantee's lot was included in the conveyance.  If it appeared that there was such a way which could be used at all seasons of the year and could be made available for the transportation to and from the land of all such things as are needed in the use of the land in the ordinary way, the mere fact that a way by water was less convenient and desirable than a way by land would not be enough to give to the plaintiff a way by necessity over the defendant's lot.  The conditions which give rise to an implication that a way is granted where none is mentioned must create a strict necessity for the way in order reasonably to use the property, and the right of way by necessity will continue only so long as the necessity continues.  That the way would be convenient and beneficial is not enough.  *Nichols* v. *Luce*, 24 Pick. 102, 104.  *Gayetty* v. *Bethune*, 14 Mass. 49, 55.  *Kingsley* v. *Gouldsborough Land Improvement Co.* 86 Maine, 279, 280.  *Hyde* v. *Jamaica*, 27 Vt. 443, 460.  *M'Donald* v. *Lindall*, 3 Rawle, 492. *Cooper* v. *Maupin*, 6 Mo. 624.  *Carey* v. *Rae*, 58 Cal. 159.

In *Kingsley* v. *Gouldsborough Land Improvement Co.*, *ubi supra,* it appeared that the land to which the way by necessity was claimed was surrounded on three sides by navigable water, that the owners had built a wharf and in the summer were accustomed regularly to run a steamboat two or three times a day between the premises and other places.  It was held that there was no way by necessity over the adjacent land.  In *Hildreth* v. *Googins*, 91 Maine, 227, the land in question bordered on the ocean, and it was ruled that in the absence of other evidence there was a presumption that the public highway over the water was available, and it was assumed that it would be competent to show by evidence that it was unavailable.  In *Lawton* v. *Rivers*, 2 McCord (S. C.) 445, and in *Turnbull* v. *Rivers*, 3 McCord (S. C.) 131, the

estate to which the way by necessity was claimed was an island, but at low tide there was a smooth hard strip of beach which had been used as a way, and which connected the island with the mainland. The access by water was easily available and reasonably convenient. It was held that there was no way by necessity over the land.

In the present case it appears that a steamer usually runs up and down the Ipswich River twice a day in summer, stopping at Little Neck, the plaintiff's estate, and that this steamer is commonly used by persons living there. But there was testimony that the only way to get to Little Neck with a team is to get there over Great Neck. The court found from the evidence that "hitherto no teams with horses or oxen have been carried or taken by the boat to said Little Neck." The judge seems to have thought that the way by water was not available for the transportation of all such things as might be needed for the use of the land in a reasonable way. In some particulars the report is not very full, but we are of opinion that there was evidence from which he might so find. The question in every such case is, what is the implication to be derived from the situation and circumstances when the deed was made? It seems that for more than two hundred years this land has been used most of the time for pasturage, and the cattle that fed there always passed over the defendant's land. When the plaintiff's land was sold by the owner of the defendant's land, doubtless both parties expected it to be used as a pasture for cattle. The judge might well find that the only way in which it could be so used was by passing across the defendant's land. If the property was to be put to other uses, there were no steamboats in those days, and access by water probably would be much less available then than now. In *Myers* v. *Dunn*, 49 Conn. 71, it was held that a right of way for the carrying of wood and timber by another course did not prevent the acquisition of a way by necessity, as the owner was entitled to a way of general use. We are of opinion that there was evidence from which the judge might find that the way by water was not available for general purposes to meet the requirements of the uses to which the plaintiff's property would naturally be put, and that it is fairly to be implied that a way by necessity over the defendant's land was intended to be

granted. If a' way by necessity arose from that grant, there has been no such change in the property since as to deprive the plaintiff of its right of way. We are of opinion that there was evidence to warrant the finding.

It is contended that if there was such a way, there is no evidence that it had been located or that the defendant obstructed it. The testimony indicates that the fence and ditch were so placed by the defendant as to interfere with the use of any way that might be located or used over the defendant's land, and virtually to leave the plaintiff with no place on which to pass by land to its property. We think that the judge might find that it was intended to be and was in fact an obstruction which would prevent the plaintiff from passing with teams over the defendant's property in the exercise of its right. .

*Judgment on the finding.*