HOME INVESTMENT COMPANY *vs.* FRANCESCO IOVIENO & others.

Worcester.     September 25, 1922. — November 27, 1922.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Way*, Private. *Easement. Deed. Equity Jurisdiction,* To enjoin obstruction of private way, Laches, Estoppel. *Estoppel. Great Pond.*

In a suit in equity by a corporation to enjoin the defendant from an improper use, in connection with the business of harvesting and storing ice, of a private way, the fee of which belonged to the plaintiff, and which bordered on a great pond and on land of the defendant purchased from the plaintiff, it appeared that the deed from the plaintiff to the defendant made no mention of the private way, although it contained a reference to a recorded plan which showed the way. A master to whom the suit was referred found, without a report of the evidence, that the defendant bought his land for the purpose of constructing an ice house and storing therein ice harvested from the pond; that an agent of the plaintiff knew of such intention and that it would be necessary for the defendant, in carrying the ice out, to pass over the way; that the defendant at considerable expense had built on his land an ice house and on the way had erected an ice elevator and an ice shute running to the ice house, had placed there a gasoline engine and had dug a ditch across the way, and that, for seven years before the suit was brought, the defendant with the knowledge of the plaintiff's agent had used such appliances in conveying ice from the pond to his ice house. The master found that the plaintiff through its agent gave to the defendant an oral license to make such use of the way. He also found that there was not evidence to convince him that the sale was induced by fraud. *Held,* that

(1) The circumstances of the conveyance were not such as to require an implication that rights were granted permitting the use of the way to the extent claimed by the defendant;

(2) The mere fact, that the use which the grantee intended to make of the granted premises was known to the grantor, imposed no burden upon the way owned by the grantor other than that indicated by the plan referred to in the deed;

(3) Nothing could be implied in favor of the defendant beyond what the words of his deed gave him;

(4) The license to use the way, orally given by the plaintiff through its agent and acted on, with expense, for seven years, was revocable;

(5) The plaintiff was not guilty of laches;

(6) The plaintiff was not estopped by its conduct from bringing the suit;

(7) The fact that the way bordered on a great pond gave the defendant no additional right;

(8) While the defendant had a right to use the way for passing and repassing to the great pond in which it had rights as a member of the public, it had no right to establish the structures and to maintain the ditch which were the subject of this suit.

Where parties dealing with each other at arm's length have given and accepted a deed plain in its terms, simple convenience, falling short of imperative necessity of a way of access, cannot burden the grantor nor benefit the grantee with an easement or right in other lands. Per RUGG, C. J.

BILL IN EQUITY, filed in the Superior Court on January 20, 1921, for an injunction restraining the defendants from trespassing upon, passing over or using Jordan Promenade, property of the plaintiff bordering on Jordan Pond in Shrewsbury, for the storage and transportation of ice.

In the Superior Court, the suit was referred to a master. Material facts, found by him in a report which did not include a report of the evidence, are described in the opinion. Exceptions to the report, filed by the plaintiff and by the defendants, were heard by *Lawton*, J., by whose order there were entered an interlocutory decree overruling the exceptions and confirming the report and a final decree that the defendants "be enjoined from using Jordan Promenade, for uses other than passing and re-passing thereon, to and from Jordan Promenade and the ways to which said Jordan Promenade gives access, as shown on the Plan of 1906," and ordering them "to remove all obstructions thereto and structures maintained by them on said Jordan Promenade within sixty days" from the date of the decree.

The defendants appealed.

*N. Fusaro, E. F. Simpson & G. F. Foley*, for the defendants, submitted a brief.

*W. C. Foley*, for the plaintiff.

RUGG, C.J.   The defendants are the owners of two lots of land in Shrewsbury by deed from the plaintiff definite in boundaries both by directions and distances and by reference to a recorded plan. Their lots are separated from a great pond by a strip of land about sixteen feet in width, the title to which is in the plaintiff. This strip of land is part of a path extending by the shore of the great pond for a long distance, laid out on the recorded plan as Jordan Promenade. It is a way which for

many years has been used by picnickers, hunters, fishermen and others who resort to the great pond.

The defendants bought their land for the purpose of constructing an ice house and storing therein ice harvested from the neighboring pond. They have at considerable expense built on their land an ice house and on Jordan Promenade have erected an ice elevator and an ice shute to the ice house, and have placed a gasoline engine and have dug a ditch across it, and since 1914 have been using these appliances for conveying ice from the pond to their ice house. It is necessary for them to go over Jordan Promenade to the pond in order to make any valuable use of their ice house. This suit is brought by the plaintiff, indisputably the owner of the fee of Jordan Promenade, to compel the removal therefrom of these structures and property and to prevent such further use.

Although the agent of the plaintiff knew at the time of the purchase that the defendants intended to use their lots for an ice house and that it would be necessary for them to pass over Jordan Promenade to do so, and also knew up to the time of filing this bill that in fact they were so using it, yet the master has found that there was not evidence to convince him that the sale was induced by fraud. The buyers before the deed was passed went upon the land and were shown its true bounds, and also saw the plan of the large tract with its many lots and streets and also Jordan Promenade. The findings of the master cannot be disturbed, for the evidence is not reported.

The circumstances fail to show any grant of a right to use the land of the plaintiff for maintenance and use of the structures placed on it by the defendants. The deed makes no reference to the purpose for which the defendants proposed to use the land, and conveys in terms no right to erect and maintain the structures here complained of. The circumstances of the conveyance did not require by implication rights in Jordan Promenade such as the defendants now assert. This is not a case of bounding land upon a way without express grant of an easement where an easement of passage arises by implied covenant or by estoppel, of which *Lincoln* v. *Shaw*, 17 Mass. 413, is an example. It appears to be conceded by the plaintiff that the defendants have an ordinary easement of passage over Jordan Promenade in common

with others. The defendants claim much more and assert in substance a right to its exclusive use for the needs of their business. Therefore, no question arises respecting easements created by reference to a plan. See *Prentiss* v. *Gloucester*, 236 Mass. 36, 52, and cases there collected, and *Bacon* v. *Onset Bay Grove Association*, 241 Mass. 417.

The mere fact that the use of the granted premises intended by the grantee is known to the grantor commonly imposes on him no burden outside those created by the words of the instrument of grant. Even a way of necessity to and from land otherwise inaccessible is created, not because indispensable to the grantee, but arises by implication of law in order to effectuate the presumed intent of the parties. It does not rest on simple convenience or unusual benefit. *Feoffees of Grammar School in Ipswich* v. *Proprietors of Jeffrey's Neck Pasture*, 174 Mass. 572, 574. *Childs* v. *Boston & Maine Railroad*, 213 Mass. 91, 92. It is a strong exercise of the power of the law to raise a presumption of a grant of a valuable right in addition to the premises described without any words indicative of such an intent in the deed. Such a presumption is construed with strictness even in the few instances where recognized. The ordinary rule is that a written contract expresses the full purpose of the parties and cannot be amplified or narrowed by evidence as to their unstated intent. The exceptions are few and there is no tendency to enlarge them. Where parties dealing with each other at arm's length have given and accepted a deed plain in its terms, simple convenience, falling short of imperative necessity of a way of access, cannot burden the grantor or benefit the grantee with an easement or right in other lands. The parties are bound by the terms of the deed as written. Upon plain principles the defendants must be held to have purchased voluntarily, knowing the terms of their deed and the condition of the estate conveyed. Nothing more can be implied in their favor beyond what the words of the deed give. *Gayetty* v. *Bethune*, 14 Mass. 49, 56. *Orpin* v. *Morrison*, 230 Mass. 529. *Mabardy* v. *McHugh*, 202 Mass. 148. *Pollard* v. *Ketterer*, 221 Mass. 317. *Van Ness* v. *Boinay*, 214 Mass. 340. "This court has held the doctrine of implied grants with a good deal of strictness." *Cummings* v. *Perry*, 169 Mass. 150, 155.

The defendants fail to show any prescriptive right. Manifestly

their use has been too brief. The master has found that the plaintiff through its agent gave an oral license for what has been done upon its land. Such license, even though acted upon by the licensee with expense, may be revoked. It confers no permanent right on the defendants. *Morse* v. *Copeland,* 2 Gray, 302.

There are no laches and no estoppel by conduct or otherwise which prevent the plaintiff from asserting its right. *Stewart* v. *Finkelstone,* 206 Mass. 28. *Loud* v. *Pendergast,* 206 Mass. 122. That principle is not applicable to the facts here disclosed, where there was an oral license and where the acts complained of constitute a direct invasion of the plaintiff's title to real estate. The case at bar on this point is well within the authority of *Congregation Beth Israel* v. *Heller,* 231 Mass. 527, and *Siegel* v. *Starzyk,* 238 Mass. 291.

The fact that Jordan Promenade bordered on a great pond gave to the defendants no additional rights. *Slater* v. *Gunn,* 170 Mass. 509. Nevertheless, we are apprehensive that the terms of the injunction as framed possibly may afford ground for the contention that the defendants are prevented even from passing and repassing to the great pond in which they have rights as members of the public. *Rockport* v. *Webster,* 174 Mass. 385. While they are utterly without right to establish the structures and maintain the ditch and other obstructions which are the subject of this suit, there is nothing in law to prevent them from merely crossing Jordan Promenade from their land to Jordan Pond and return in any appropriate way. In order to obviate future difficulty on this point, there may be inserted in paragraph "First" of the decree, immediately after the words "gives access," the words "and Jordan Pond," so that it may read, "First. That respondents be enjoined from using Jordan Promenade, for uses other than passing and repassing thereon, to and from Jordan Promenade and the ways to which said Jordan Promenade gives access and Jordan Pond, as shown on the Plan of 1906." Doubtless this was the intended effect of the decree as originally drafted. As thus modified the decree may be affirmed with the costs of this appeal.

                                                    *So ordered.*