HOME INVESTMENT COMPANY *vs.* FRANCESCO IOVIENO & another.

Worcester.     September 24, 1923. — October 8, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, PIERCE, & JENNEY, JJ.

*Equity Pleading and Practice,* Appeal, Contempt proceedings.     *Writ of Error.*
*Equity Jurisdiction,* Contempt, Decree.

*It is doubtful* whether G. L. c. 214, § 19; c. 231, § 96, apply to contempt pro-
ceedings, or whether, if so intended and phrased, they would be consti-
tutional.

The proper way to review an error of law in contempt proceedings is by writ
of error.

Transportation by an ice dealer of ice upon sleds of the type ordinarily called
" stone boats " from a pond across a private way to a connecting way and
thence to an ice house on abutting land is not an obstruction of the private
way and is not as a matter of law a violation of an injunction restraining
the dealer from using the private way " for uses other than passing and re-
passing thereon, to and from " the private way " and the ways to which "
it " gives access and " the " pond."

The fact that a private way is denominated a " Promenade " is not of
itself sufficient so to restrict its use as to prohibit the use made of it by the
ice dealer in the circumstances above described.

BILL IN EQUITY, filed in the Superior Court on January
20, 1921, for an injunction restraining the defendants from
trespassing upon, passing over or using Jordan Promenade,
property of the plaintiff bordering on Jordan Pond in
Shrewsbury, for the storage and transportation of ice.

Upon an appeal from a final decree entered by order of
*Lawton,* J., this court, by a decision reported in 243 Mass.
121, ordered that the decree, as modified in a stated par-
ticular, be affirmed.   Thereafter on January 11, 1923, a
final decree was entered in the Superior Court enjoining the
defendants " from using Jordan Promenade for uses other
than passing and re-passing thereon, to and from Jordan
Promenade and the ways to which said Jordan Promenade
gives access and Jordan Pond as shown on Plan 1906," and
directing the defendants " to remove all obstructions thereto
and structures maintained by them on said Jordan Promenade
within sixty days."

On January 31, 1923, the plaintiff filed a petition that the defendants be adjudged in contempt, alleging that the defendants were " using Jordan Promenade for uses other than passing and re-passing thereon to and from Jordan Promenade and the ways to which said Jordan Promenade gives access and Jordan Pond as shown on Plans of 1906 in defiance to the injunction issued .in this action," and that they were " using said Promenade for the purpose of transporting ice over and upon said way and by said action are obstructing said Promenade."

The petition was heard by *Burns,* J., who found that the acts complained of were " the transportation of ice by means of horses and sleds, the sleds being what are ordinarily called ' stone-boats,' across Jordan Promenade in that part thereof which would be within the lines of Jordan Road extended easterly across said Jordan Promenade to Jordan Pond. Said sleds are loaded with ice upon the pond and not upon Jordan Promenade, and are then drawn by horses across Jordan Promenade into Jordan Road and thence to the defendants' icehouse located on defendants' property which abuts Jordan Road on the north and William Street on the west.   I find that the act complained of does not obstruct Jordan Promenade."   The judge ruled that the defendants were not in contempt, and ordered that the petition be dismissed.

No decree appears to have been entered upon the petition.

From the findings, ruling and order, the plaintiff appealed.

*W. C. Foley,* for the plaintiff.

No argument nor brief for the defendants.

RUGG, C.J.   This is a petition praying that the defendants be adjudged in contempt for violation of an injunction. The judge found the material facts, ruled that the respondents were not in contempt, and ordered that the petition be dismissed.   The plaintiff appealed.

The plaintiff apparently relied upon the statutes as authorizing an appeal in contempt proceedings.   G. L. c. 214, § 19; c. 231, § 96.   *Samuel* v. *Page-Storms Drop Forge Co.* 243 Mass. 133.

It is doubtful whether those statutes were intended to

apply to contempt proceedings, or whether, if so intended and phrased, they would be constitutional. It is an essential part of the common law conception of a court of superior jurisdiction that it possesses summary power with respect to contempts tending to obstruct or degrade the administration of justice. *Cartwright's Case,* 114 Mass. 230, 238. *Walton Lunch Co.* v. *Kearney,* 236 Mass. 310, 315–318. The proper way to review an error of law in contempt proceedings is by writ of error. *Hurley* v. *Commonwealth,* 188 Mass. 443. Without pausing to consider or decide these questions, it is enough to say that, in any event, the ultimate decision must be against the plaintiff, and in such case there is no objection to stating the grounds of substantive law supporting that result even in a contempt case. *Commonwealth* v. *McNary, ante,* 46.

The defendants were enjoined " from using Jordan Promenade for uses other than passing and re-passing thereon, to and from Jordan Promenade and the ways to which said Jordan Promenade gives access and Jordan Pond as shown on plan of 1906."

The pertinent facts are that the defendants transported ice loaded upon sleds on Jordan Pond by horses across Jordan Promenade to another connecting way and thence to their ice house on abutting land. Jordan Promenade was not obstructed thereby. The defendants had never used Jordan Promenade for transportation of ice until after the entry of the injunction, of which they had knowledge.

There is no error of law apparent on this record. No facts are found which require an adjudication that the defendants were violating the terms of the injunction. There is nothing to indicate that the defendants overstepped their rights of passage on Jordan Promenade. The name is not of itself sufficient so to restrict its use, in view of all the circumstances, as to prohibit the use made of it by the defendants. If resort be had to the record of the case in 243 Mass. 121, there is nothing to show that acts of the defendants violated any rights of the plaintiff. *Parsons* v. *New York, New Haven & Hartford Railroad,* 216 Mass. 269, 273.

*Order dismissing petition affirmed.*