JAMES SIMEON *vs.* EDWARD P. CRAMM & another.

Suffolk.   Nov. 24, 1876. — Jan. 8, 1877.   COLT & AMES, JJ., absent.

In an action by A. against B. in which C. was summoned as trustee, the writ was dated August 8, 1874, and, by a clerical error, was made returnable on September 29, 1874, when there was no term of court, instead of August 29, 1874, when all parties understood it was to be returnable. On August 10, 1874, B. as principal and D. as surety, executed a bond to dissolve the attachment of the sum of money in the hands of C., reciting that it was so attached in a writ returnable "the 29th inst." After execution of the bond, the writ, by the consent of all parties thereto, including C. but without the knowledge of D., was altered so as to be returnable on September 5, 1874, and was entered on that day. *Held*, in an action on the bond, that D. was not liable.

CONTRACT against Edward P. Cramm and N. M. Hatch on a bond to dissolve an attachment. Trial in the Superior Court, before *Allen*, J., without a jury, who found for the plaintiff and allowed a bill of exceptions, the substance of which appears in the opinion.

*B. E. Perry*, for the defendant Hatch.

*J. C. Crowley & J. A. Maxwell*, for the plaintiff.

MORTON J.   The material facts in this case are as follows ·
George F. Seavey and Charles E. Seavey sued out of the Municipal Court of the city of Boston a writ against H. C. Lougee

and E. P. Cramm in which James Simeon, the present plaintiff, was summoned as trustee. The writ was dated August 8, 1874, and was, by what appears to have been a clerical error, made returnable on September 29, 1874, a day on which there was no term of the Municipal Court, instead of August 29, 1874, the day upon which all parties understood the writ to be returnable. On August 10, 1874, the defendants in this suit executed the bond sued on, which recites that Simeon is owing E. P. Cramm & Co. a sum of money, and that said money has been attached in the hands of said Simeon under the trustee process, in a writ issuing from the Municipal Court of said Boston, brought by George F. Seavey and Charles E. Seavey, against H. C. Lougee and said Cramm, " returnable in said court the 29th inst " ; and the condition of which is that " if the above bounden Cramm shall cause said attachment to be dissolved, and so release said Rev. James Simeon from said suit, or, in case said Rev. James Simeon shall be compelled to pay said money on account of said suit, within ten days thereafter repay to him the amount so lawfully paid, then the above written obligation shall be null and void." After this bond was executed, the said writ, by the consent of all parties thereto, including the trustee, but without the knowledge of the surety in the bond, was altered so as to be returnable on September 5, 1874, and was entered on that day. Afterwards Simeon was charged as trustee, and, we assume, paid over to the plaintiffs in that suit the amount of money in his hands.

The question is, whether upon these facts this action can be maintained against Hatch, the surety upon the bond.

If the plaintiffs had entered their writ at the term of the Municipal Court, held on the 29th day of August, the day on which all parties supposed the writ to be returnable, and had obtained leave of court to amend the writ by correcting the clerical error by which it was made returnable in September, instead of August, a different question would have been presented.

But after a writ is issued and served the parties have no right to alter it without leave of the court. If it is altered by consent, perhaps the consenting parties may be estopped to object, but their consent cannot affect the rights of other attaching creditors, or of bail or of sureties. *Brown* v. *Neale*, 3 Allen, 74. *Denny* v. *Ward*, 3 Pick. 199. *Brigham* v. *Este*, 2 Pick. 420.

The alteration in this case was equivalent to the commencement of a new action. It is the same in effect as if the old writ had been destroyed, and a new one substituted in its place, returnable at a different term of the court. This changes the liability of the surety. He has the right to say that the suit in which Simeon was charged as trustee was not the suit recited or contemplated in his bond.

We are therefore of opinion that the surety was discharged by the acts of the parties, and that this action cannot be maintained.

*Exceptions sustained.*