## LOOMIS WELLS *v.* J. A. MANSUR.

### *Justice of Peace. Sheriff and Deputy.*

In case against a sheriff for the neglect of his deputy in not keeping property attached on a writ signed by a justice of the peace within and for the county of E., and returnable in that county, so that it might be taken in execution, the declaration alleged that on the return day plaintiff and his debtor agreed that the writ should be signed by C., a justice of the peace within and for the county of C., in place of the justice by whom it was issued, that the cause should be continued to a place stated in the county of C., and to a future day, and then be tried by C., the same as though he had signed the writ at the beginning; that the writ was amended to conform to that agreement and signed by C.; and that, on the day to which the cause was continued, the parties appeared, and C. heard and determined the matters involved, and rendered judgment for plaintiff. *Held*, on demurrer, that as there was no legal provision for such an exchange of justices, the defendant was thereby released from liability for the act of his deputy.

CASE against a sheriff for the default of his deputy in not keeping attached property so that it might be taken in execution. The declaration alleged the issuance of a writ on March 22, 1877, at suit of the plaintiff, against one Chappell, signed by George W. Shores, a justice of the peace within and for the county of Essex, returnable in said county, on April 4, 1877, and directed to any sheriff or constable for service ; the placing of the same in the hands of the deputy for service ; attachment thereon of two

horses, the property of Chappell ; the receipting of the same by one Smith ; and proceedings resulting in a judgment on appeal in the County Court in favor of the plaintiff. That part of the declaration alleging proceedings between attachment and appeal, which is the only part that is material, in view of the question considered by the court, alleged that on April 4, the cause was continued, by agreement of the plaintiff and Chappell, to April 26, to be held at a stated place in St. Johnsbury, in the county of Caledonia ; that it was also then agreed that one Quinton Cook, a justice of the peace within and for the county of Caledonia, might sign said writ in place of Shores, and that the cause should be heard and determined by Cook on the day to which the continuance was had, the same as though he had originally signed and issued the writ ; that the writ was so amended as to conform to that agreement, and was signed by Cook ; that on April 26, Cook continued the cause to May 2, when the plaintiff and Chappell both appeared, and Cook heard and determined the matters there involved, and rendered judgment for the plaintiff, from which Chappell appealed. The declaration also alleged the bringing of another justice suit by and against the same parties, which was also appealed to the County Court, and was there consolidated and tried with the first suit. Several questions were raised in reference thereto, but they are not material to the point here considered, and that part of the declaration is therefore not stated. The defendant demurred, for that, among other things, there was no allegation of recovery in the action brought before Shores. But the court, at the March Term, 1879, Essex County, Powers, J., presiding, overruled the demurrer, and adjudged the declaration sufficient ; to which the defendant excepted.

*E. May*, for the defendant.

The parties could not legally exchange justices in the manner attempted. The right to exchange is defined by section 31, c. 31, Gen. Sts. The suit was discontinued on April 4. *Paddleford* v. *Bancroft*, 22 Vt. 529. The lien created by the attachment was thereby lost. Any act that would discharge bail would discharge the officer. *Fairfield* v. *Baldwin*, 12 Pick. 388.

*Harry Blodgett* and *H. C. Ide*, for the plaintiff.

It was agreed by the parties to the suit in which the property was attached that the deputy should continue to hold the property as he had held it before. The deputy could not complain, unless his liability was increased ; and it was not, as the agreement would have estopped Chappell in any proceeding against him. Agreements will be upheld between parties, when the rights of third parties have not intervened. *Fletcher* v. *Bennett*, 36 Vt. 659 ; *Collins* v. *Brigham*, 11 N. H. 420 ; *Leighton* v. *Lord*, 29 N. H. 237 ; *Grant* v. *Lathrop*, 23 N. H. 67 ; *Goebel* v. *Stevenson*, 35 Mich. 172 ; *Tully* v. *Herrin*, 44 Miss. 626.

The opinion of the court was delivered by

VEAZEY, J. The defendant was sheriff of Essex County. The declaration is for the alleged neglect and default of the defendant's deputy, Russell. Numerous questions are raised by the demurrer to the declaration. One of them is as to the effect of the substitution of one justice for another under the circumstances and agreement stated in the declaration, upon the liability of the sheriff for the failure of his deputy to have the horses which he attached upon the original writ, to respond to the execution which was issued upon the judgment rendered in the consolidated suit. Whatever may have been the effect of said agreement and of the subsequent proceedings in the suit, as between the parties, we think it clear that the defendant was released from all responsibility for his deputy as the attaching officer, in respect to said horses. There is no provision of law for such an exchange of justices as was made ; and when the exchange took place, it being unauthorized by law, the writ was no longer the same writ that it was when the attachment was made. The defendant was the surety of the attaching officer only upon the writ as it was when served, or as it should be changed in the respects provided by the statutes. Neither he nor the deputy was a party to the agreement or to the alteration by substitution of justices, or to the subsequent proceedings. *Simeon* v. *Cramm*, 121 Mass. 492.

This view of this point renders it unnecessary to consider the other points raised.

31

Whitcher *v.* Peacham.

The decision of the County Court overruling the demurrer and adjudging the declaration sufficient is reversed, and judgment for the defendant to recover his costs.