### DANIEL P. HARRIS *vs.* JAMES BARKER.

Aroostook.    Opinion March 1, 1895.

*Writ.    Alteration.    Practice.*

The plaintiff's writ was originally dated April 18th and made returnable on the first Tuesday of March, 1892. It was duly served on the defendant on the day of its date. But the writ was not returned to court on the first Tuesday of May; but without the consent of the defendant and without leave of court, it was materially altered so as to bear date April 20th, and be returnable on the first Tuesday of November. It was also converted from a writ of attachment into a capias writ, and thus changed, was again served on the defendant by an arrest of the body, and entered in court. The defendant seasonably filed a plea in abatement to the writ, duly setting forth the facts above stated, to which the plaintiff filed a demurrer.

*Held;* that it is settled law in this State that such a change in *mesne* process after service, without leave of court, is irregular and unauthorized.

ON EXCEPTIONS.

The case appears in the opinion.

*G. A. Perrigo,* for plaintiff.
*Ira G. Hersey,* for defendant.

SITTING : PETERS, C. J., EMERY, HASKELL, WHITEHOUSE, WISWELL, STROUT, JJ.

WHITEHOUSE, J. The plaintiff procured a writ of attachment to be issued from the office of the clerk of the Superior Court of Aroostook county, bearing date April 18, 1892, and returnable to that court at Caribou on the first Tuesday of May, 1892, and on the same day caused personal service thereof to be duly made on the defendant. The writ, however, was not returned to court, but without the consent of the defendant and without leave of court, was materially altered so as to bear date April 20, 1892,

and be returnable at Houlton on the first Tuesday of November, 1892. It was also converted from a writ of attachment into a capias writ, with an affidavit indorsed thereon as required by statute, and, thus changed, the writ was again duly served on the defendant by an arrest of the body and entered in court.

The defendant seasonably filed a plea in abatement to the writ, duly setting forth the facts above stated, to which the plaintiff filed a general demurrer.

It is settled law that such a change in *mesne* process after personal service on the defendant, without leave of court, is irregular and unauthorized. *Bray* v. *Libby*, 71 Maine, 276; *Brown* v. *Neale,* 3 Allen, 74; *Simeon* v. *Cramm*, 121 Mass. 492. Even greater strictness prevails in New Hampshire. *Parsons* v. *Shorey*, 48 N. H. 550.

The plea in abatement must accordingly be sustained, and the entry be,

*Exceptions overruled.*