## ALLEN K. WILSON *vs.* STEPHEN F. FISK.

### PROVIDENCE—MAY 9, 1900.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Process. Alteration of Writ. Liability of Surety.*

Where, after the delivery of a bond to release an attachment, under the provisions of Gen. Laws R. I. cap. 253, § 14, the return-day of the writ was changed by some one and the writ entered in court upon the new return-day, the variance between the return-day of record and that stated in the bond is fatal, and discharges the liability of the surety.

Whether the change was authorized by the plaintiff or not, by entering the writ on the new return-day he must be deemed to have adopted and ratified the change.

DEBT ON BOND. The facts are sufficiently stated in the opinion. Heard on petition of plaintiff for new trial. New trial denied.

(1)   PER CURIAM. The defendant became surety in a bond given to dissolve an attachment made on a writ, the return-day of which was July 20, 1896. After the delivery of the bond the return-day in the writ was changed by some one, so that the writ was made returnable on July 31, 1896, on which date it was entered in court. The defendants in that suit appeared by attorney, but the appearance was subsequently withdrawn and judgment was rendered for the plaintiffs. Thereupon demand was made for the payment of the judgment, and, not being complied with, the present suit was brought against the defendant as surety in the bond.

It is contended in behalf of the plaintiff, to whom, as attaching officer, the bond was given, that as the alteration of the return-day in the writ was made without the authority of the plaintiffs in the writ, and inasmuch as the identity of the writ is not disputed and it is not shown that the surety has suffered in consequence of the change, the alteration was immaterial and the plaintiff should be permitted to recover.

We think, however, that whether the change in the return-

day was authorized or not, the plaintiffs, by entering the writ on the new return-day, must be deemed to have adopted and ratified the change ; and inasmuch as the bond described the writ as returnable July 20, 1896, and is to pay and satisfy the judgment in the action commenced by that writ, in case judgment should be rendered for the plaintiffs, there is a variance between the bond and the record on which the judgment was rendered.   As the liability of a surety cannot be extended, the bond must receive a strict construction.   We are of the opinion, therefore, that the variance is fatal, and that the decision of the Common Pleas Division for the defendant was correct.   *Simeon* v. *Cramm*, 121 Mass. 492.

New trial denied.   Judgment on the decision for the defendant for costs.

*George R. Macleod*, for plaintiff.
*Van Slyck & Mumford*, for defendant.