# F. H. HILL COMPANY, INC. *vs.* JOHN DOE, *alias* JOSEPH WOOD.

Suffolk.    February 9, 1934. — March 29, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & DONAHUE, JJ.

*Judgment. Practice, Civil,* Parties.

A judgment, entered upon a default in an action of contract against one described as "Woods" in the writ, was a nullity as to a person named "Wood," who was the person intended to be sued therein, who was not served in hand, and who did not live at a place where the summons was left as an alleged last and usual place of abode of "Woods"; and such judgment was not a bar to an action for the same cause by the same plaintiff against "Wood."

CONTRACT. Writ in the Municipal Court of the City of Boston dated February 23, 1933.

Upon removal to the Superior Court, the answer described in the opinion was heard by *Walsh,* J., the contentions there set out were overruled, and the action was reported for determination by this court of the questions there raised.

*F. G. Bauer,* (*B. Berenson* with him,) for the defendant.

*H. C. Thompson,* for the plaintiff, submitted a brief.

PIERCE, J. This is an action of contract to recover for an undertaker's bill which had been assigned to the plaintiff. It is before the court on report from the Superior Court. The sole question here to be determined is what effect is to be given to a former judgment obtained by the present plaintiff against the present defendant.

The facts which are admitted and set out in the record are as follows: By writ dated November 8, 1932, the present plaintiff brought an action in the Municipal Court of the City of Boston against Joseph S. Woods, upon the same cause of action as that contained in the declaration in the present action. The defendant in the present action is the same person intended to be sued under the name of Joseph

S. Woods in said action in the Municipal Court of the City of Boston. Service was made by leaving a summons of the writ at number 104 Russett Road, in the West Roxbury district of the city of Boston, which is one half of a double house. The defendant lives in the other half, numbered 102. The defendant was defaulted and judgment entered for the plaintiff on December 2, 1932. The judgment is still outstanding on the records of said court. Execution issued on said judgment on December 3, 1932. The plaintiff therein cited the present defendant in for examination before the Municipal Court of the West Roxbury District of the City of Boston under G. L. (Ter. Ed.) c. 224, and, on service duly made on him in hand, the present defendant appeared and filed a plea to the jurisdiction as follows: "And now comes Joseph S. Wood, the person served with process in the above entitled proceeding, hereinafter referred to as the respondent, and appearing for the purpose of making this plea and no other purpose, says: That his name is not Joseph S. Woods as alleged in the citation, but Joseph S. Wood, and that he has at all times been known by the name of Joseph S. Wood and never by any other name; that the present proceeding purports to be based on a judgment rendered by the Municipal Court of the City of Boston in an action brought by the present judgment creditor against one Joseph S. Woods and numbered 307048 on the current civil docket of said court, in which action it appears by the officer's return on the original writ that the only service of said writ was by leaving a summons of the same at the last and usual place of abode of Joseph S. Woods at 104 Russett Road in the city of Boston, West Roxbury district; that the present respondent never lived at 104 Russett Road, so that the same could not be and never was his last and usual place of abode, and said judgment appears on its face to be against some other person and not against this respondent, and by reason of the fact that no service was made on this respondent said judgment is invalid as a basis for the present proceedings against this respondent, and that to hold this respondent for the pay-

ment of said judgment or in the present proceeding is a violation of the Fourteenth Amendment to the Constitution of the United States. Wherefore, he prays that this proceeding be dismissed." The plea was sustained by the court on February 20, 1933. Thereupon the plaintiff brought the present action in the Municipal Court which was removed to the Superior Court on March 24, 1933. The pleadings are set out in the record and, as provided in the report, may be referred to.

The defendant filed an answer, the first two paragraphs of which are as follows: (1) "And now comes the defendant in the above entitled action and appearing specially for the purpose of making his plea and no other, says that by writ dated the eighth day of November, 1932, the present plaintiff commenced in this court an action against one Joseph S. Woods of Boston upon the same cause of action as for which the present action is brought; that by the officer's return upon the original writ in said action it appears that service thereof was made at the last and usual place of abode of said Joseph S. Woods at 104 Russett Road in the city of Boston; that judgment in said action was entered in favor of the plaintiff on the second day of December, 1932, which judgment is still in full force and effect, and that thereafter this defendant was summoned before the Municipal Court of the West Roxbury District of the City of Boston for examination upon the execution in said action under G. L. c. 224, as amended, and did so appear"; (2) "The defendant further says that if he is the person intended to be sued in said original action under the name of Joseph S. Woods, the original cause of action has been merged in said judgment, and that to subject him to a new suit so long as said judgment is outstanding and in full force and effect makes him liable to two several judgments for the same cause of action, and is in violation of the Fourteenth Amendment to the Constitution of the United States, and if said Joseph S. Woods is a different person from this defendant, then said suit and final judgment constitute on the part of the plaintiff a conclusive

election to hold the said Joseph S. Woods liable for whatever contractual obligations exist in regard to the items making up the plaintiff's declaration and inasmuch as no several liability on the part of this defendant and said Joseph S. Woods is shown, the plaintiff having made his election, cannot now maintain this suit against the present defendant.'' The trial judge overruled the portion of the answer contained in the paragraphs above quoted and reported the case to this court for the determination of the questions covered by the report.

It is clear upon the reported facts that the present defendant and no other person was the person intended to be sued in the previous action. It is also clear that the present defendant was not served in hand with the writ or summons in the previous action; that the writ served in the previous action named Joseph S. Woods as defendant; and that service was made on such defendant by leaving a summons of the writ at a place which was not the last and usual place of abode of Joseph S. Wood, the present defendant. In these circumstances it is plain a judgment by default against the present defendant was a nullity as to him, and cannot be pleaded in bar by him to the present action. The result would be different had the writ actually been served upon the present defendant in the previous action. *Fitzgerald* v. *Salentine,* 10 Met. 436. *Anderson* v. *Qualey,* 216 Mass. 106, 108–109. See *Langmaid* v. *Puffer,* 7 Gray, 378, 379.

The order of the trial judge overruling the defendant's plea is affirmed, and the defendant's exception to the order is overruled.

*So ordered.*