CHARLES W. MCDERMOTT *vs.* JUSTICES OF THE MUNICIPAL COURT OF THE CITY OF BOSTON.

SAME *vs.* JOHN DUFF.

Suffolk. February 9, 1934. — September 12, 1934.

Present: RUGG, C.J., CROSBY, FIELD, & DONAHUE, JJ.

*Practice, Civil,* Docket entry, Supplementary proceedings, Findings by judge.

While a district or municipal court has authority under G. L. (Ter. Ed.) c. 224, § 16, at any time to revise, modify, suspend or revoke any order previously made in supplementary proceedings under said chapter,

orderly procedure requires that the matter of making such a change be brought before the court by some proper form of petition or request or notice of which the opposing party shall be fairly and seasonably informed.    Per RUGG, C.J.

In supplementary proceedings in a municipal court under G. L. (Ter. Ed.) c. 224, in which an order had been made directing the debtor to pay certain sums to the creditor, and later a petition had been filed by the creditor seeking the issuance of a notice to the debtor to show cause why he should not be adjudged in contempt for failure to comply with the previous order and such notice had been issued, a finding of fact by a judge of that court, that the matter of contempt was the only matter before the court on a certain day when the case was called for hearing, was conclusive under § 18 of said chapter.

Where, in the proceedings above described, the clerk, because the debtor appeared and the creditor did not appear at the hearing on said day, made the announcement, "Proceedings dismissed," and later made a docket entry, "Proceedings dismissed by order of court," such announcement and docket entry did not have the effect of dismissing the entire proceedings or of depriving the court of jurisdiction thereof, nor affect the tenor or force of the previous order directing the debtor to make payments to the creditor.

A subsequent change made by the clerk in such docket entry without direction by the court, whereby the word "Proceedings" was struck out and the words "Petition for notice to show cause" substituted therefor, was a mere correction in phraseology and did not affect substantive rights.

Two PETITIONS, filed in the Supreme Judicial Court for the county of Suffolk on March 7, 1933, and on March 8, 1933, respectively, the first for a writ of prohibition, and the second for a writ of mandamus.

The petitions were heard together by *Pierce*, J., upon an agreed statement of facts. Material facts are stated in the opinion. The single justice ordered each petition dismissed. The petitioner alleged exceptions.

*W. H. Shea*, for the petitioner.

*J. Barker, Jr.*, for the respondents.

RUGG, C.J. These petitions have been consolidated for purposes of argument. They are brought to prevent the respondents from hearing and from exercising further jurisdiction in supplementary proceedings under G. L. (Ter. Ed.) c. 224. They were heard upon an agreed statement of facts. Thus it appears that a judgment creditor of the petitioner had instituted supplementary proceedings, that on March 12, 1931, after examination, finding was made

that "debtor has ability to pay" and an order was entered requiring the debtor, the present petitioner, who was the judgment debtor and is hereafter so designated, to pay $200 per month to the attorney for the judgment creditor. In May, 1932, petition was filed in behalf of the judgment creditor setting forth that the judgment debtor had failed to comply with the order of court and had thereby committed a contempt of the court and praying for notice to issue. Thereupon notice issued reciting the order for payment and the alleged failure to comply therewith and notifying the judgment debtor to appear to show cause why he should not be adjudged in contempt. Hearing was had on that petition on June 29, 1932. No decision was rendered. On July 18, 1932, the judge before whom that hearing had been held, in view of his proposed absence, notified both counsel that he had continued the case to be heard before another judge in August, 1932, and by his order docket entry was made, "proceedings brot forward and continued to" August 3, 1932. The hearing was further continued to August 17, 1932, when the case was called, the debtor appeared and the creditor did not. The clerk then announced, "Proceedings dismissed," and afterwards made a docket entry of this tenor, "Dr. appears Cr. does not. Proceedings dismissed by order of Court Carr, J." Thereafter early in October, 1932, another clerk changed the docket entry by striking out "Proceedings" and inserting in place thereof "Petition for notice to show cause." The attention of the court had not been drawn to the docket entries and no order had been made for a change. Later another petition for notice to show cause was filed and notice issued. The judgment debtor filed a special appearance for the sole purpose of objecting to the jurisdiction of the court to proceed further. The case came on to be heard in February, 1933. The judgment debtor takes the position that the entire proceeding had been dismissed according to the docket entries and that therefore the court had no further jurisdiction. At that hearing it appeared that the judge who presided on August 17, 1932, had no recollection of the proceedings on that day. Tes-

timony was introduced touching the hearing on June 29, 1932, as tending to throw light on the docket entries. The trial judge made findings and rulings, so far as now material, of this tenor: "I find and rule that the only 'proceeding' before the court which on July 18, 1932, was 'brot forward and continued to August 3rd, 1932' . . . was the notice to show cause issued May 20, 1932; that on August 3, 1932, that notice to show cause was duly continued to Aug. 17, 1932, and was the only matter then before the court for action; that the announcement 'Proceedings dismissed' affected only the notice to show cause; that the docket entry 'proceedings dismissed' reflected only the real action of the court which was the dismissal of the notice to show cause, and did not vacate or otherwise affect the previous order for payment made March 12, 1931; that the change made by the clerk was a correction of phraseology which the court could have ordered to be made. . . ."

It is assumed in favor of the petitioner but without so deciding that a petition for the writ of prohibition would lie if his contentions as to the record were sound. See G. L. (Ter. Ed.) c. 224, § 18; *Ashley* v. *Three Justices of the Superior Court*, 228 Mass. 63, 82. Since the result to the petitioner must be the same in any event there is no objection to stating the grounds of substantive law which support that result. *Commonwealth* v. *McNary*, 246 Mass. 46.

The only matter brought before the court by the petition of May, 1932, was whether the judgment debtor was in contempt. No petition had been filed or proceeding instituted designed to modify the finding of March 12, 1931, to the effect that the judgment debtor had ability to pay and the order of the same date requiring him to pay $200 per month to the judgment creditor. No issue had been raised touching those subjects, which had been settled by decisions rendered more than a year previously. The court had authority under § 16 at any time to revise, modify, suspend or revoke any order made in any proceedings under G. L. (Ter. Ed.) c. 224. Orderly procedure, however, requires that that matter be brought before the court by

some proper form of petition or request or notice of which the judgment creditor shall be fairly and seasonably informed. Those matters were not involved in the petition for contempt. That raised merely the question whether there had been failure "without just excuse, to obey" the lawful order of the court entered on March 12, 1931. It bore no relation to the application for supplementary process which the judgment creditor had filed and brought before the court under G. L. (Ter. Ed.) c. 224, § 14. That was the foundation of the proceedings. But disposition of a petition for contempt did not reach to a dismissal of that application. It is provided by § 18 that the court shall retain jurisdiction of supplementary proceedings upon such application until "an order shall be made expressly dismissing them." Such an order would not have been within the scope of the matter before the court on August 17, 1932. The docket entry of July 18, 1932, that the "proceedings" be brought forward, interpreted in the light of what was being heard by the court, meant only that the petition for contempt was set forward for hearing. That . was the only matter before the court on August 17, 1932. The docket entry referring to that date, "Proceedings dismissed," likewise was confined in its meaning and operation to that petition. It cannot rightly be construed in connection with the whole case as referring to anything more than that single petition. It did not end the application for supplementary process nor deprive the court of jurisdiction to take further steps in conformity with the statute.

So far as the meaning and effect of the proceedings in the Municipal Court are matters of fact, they are settled conclusively by the findings of the judge already quoted or summarized. All questions of fact touching supplementary proceedings under G. L. (Ter. Ed.) c. 224 must be finally determined in that court. That is the express provision of § 18 with exceptions not here material. *Giarruso* v. *Payson*, 272 Mass. 417, 420, 421. These findings are to the effect that nothing in fact was before the court except the petition for contempt.

While in the light of the controversy which has ensued

it would have been much wiser for the clerk to have acted under the direction of the court in changing the docket entry, that change in truth made a correction in phraseology and did not affect substantive rights. *Hall* v. *Maloney,* 269 Mass. 228. *Hopkinton* v. *B. F. Sturtevant Co.* 285 Mass. 272. *Bryer* v. *American Surety Co. of New York,* 285 Mass. 336.

In each case the entry may be

*Exceptions overruled.*