MAX GOLDMAN *vs.* JOSEPH M. ADLMAN & others.

Suffolk. October 3, 1934. — September 11, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*District Court*, Jurisdiction. *Supplementary Process. Res Judicata. Bankruptcy*, Discharge.

On supplementary process in a municipal court, the court had jurisdiction of the question whether the creditor's claim was barred by the debtor's discharge in bankruptcy, and, such question having been raised, the court's finding and ruling thereon, without either party seeking review, rendered the question *res judicata.*

BILL IN EQUITY, filed in the Superior Court on December 13, 1933.

The suit was heard by *Weed, J.*

*B. Goldman,* (*S. H. Kalish* with him,) for the defendants.
*A. G. Gould & H. Shapiro,* for the plaintiff.

RUGG, C.J. The plaintiff seeks by this suit in equity to enjoin the enforcement of a judgment and execution obtained by the defendant Adlman, hereafter called the defendant, against the plaintiff on the ground that the defendant's claim is barred by the plaintiff's discharge in bankruptcy. *Badger* v. *Jordan Marsh Co.* 256 Mass. 153. The defendant pleaded (1) *res judicata* and (2) lack of notice or knowledge of the plaintiff's bankruptcy whereby that discharge was prevented from being operative as to his claim. At the trial all material facts well pleaded in the bill and answer were admitted to be true except those

relating to the defendant's knowledge of proceedings in bankruptcy against the plaintiff. Certain oral evidence was introduced and is reported at the request of the defendant. A final decree was entered granting an injunction. The appeal of the defendant brings the case here.

The trial judge filed a report of material facts found by him. Those relating to *res judicata* are these in substance: In 1924 Adlman began action on a written guaranty against Goldman which in June, 1932, resulted in a judgment in favor of Adlman for a considerable sum and the issuance of an execution thereon. It is the enforcement of that judgment and execution which Goldman seeks to enjoin. On March 19, 1931, an involuntary petition in bankruptcy was filed against Goldman and on April 1, 1931, he was adjudicated a bankrupt. He filed schedules in bankruptcy on April 7, 1931, but failed to list Adlman as a creditor. It is admitted that Adlman knew of the bankruptcy proceedings on November 15, 1931, but there is dispute whether he received notice thereof within six months of the adjudication so that the later discharge in bankruptcy would be operative as to his claim under the bankruptcy act of July 1, 1898, as amended. 30 U. S. Sts. at Large, 550, c. 541, § 17, as amended by 42 U. S. Sts. at Large, 354, c. 22; and 30 U. S. Sts. at Large, 561, c. 541, § 57 (n) as amended by 44 U. S. Sts. at Large, 666, c. 406, § 13. It is not denied that the debt due to Adlman was of a nature provable in bankruptcy and to be barred by a discharge in bankruptcy. No question is raised as to the validity of the judgment of June, 1932. *Berry Clothing Co.* v. *Shopnick,* 249 Mass. 459, 463. The notice which the plaintiff now asserts was effectual for this purpose was a letter sent by the plaintiff's attorney to the attorney for the defendant on March 26, 1931. A dividend was paid to the creditors of Goldman on November 9, 1931, and a discharge in bankruptcy was granted him on July 19, 1933.

No question is raised but that the discharge in bankruptcy would bar an action on the judgment of June, 1932, although not entered until long after the adjudication, if the debt had been scheduled or the judgment creditor had within six

months of the adjudication notice or actual knowledge of the proceedings in bankruptcy. In August, 1932, Adlman brought supplementary proceedings on the judgment of June, 1932, in the Municipal Court of the City of Boston but they were subsequently dismissed for want of prosecution and are not now of consequence. Later, second supplementary proceedings were brought by Adlman in the same court on that judgment. In that case Goldman filed a certificate of his discharge in bankruptcy and made a motion to dismiss the proceeding by reason thereof. The issue was thus raised whether the discharge in bankruptcy was a bar to the debt due to Adlman on the judgment and to the supplementary proceedings for its collection. In order to determine that issue the parties submitted the case to the Municipal Court upon agreed facts. It was therein stated that "On November 15, 1931 the judgment creditor and his counsel first received notice of said bankruptcy proceedings." The case was heard and briefs were filed. On November 22, 1933, the motion to dismiss was denied. Later the court found that Goldman had ability to pay and made order that he pay $2 weekly. Goldman filed no appeal from this order and took no other steps to correct errors of law in the decision but he did not comply with it. The trial judge states in his report that so far as appeared before him "no evidence was offered in said supplementary proceedings and it was disposed of upon said agreed facts."

The contention of the defendant is that the issue whether he had notice or actual knowledge of the bankruptcy proceedings so that his claim is barred by the discharge of the plaintiff in bankruptcy was considered by the court in the supplementary proceedings and that the order of the court in that case settled that issue in the defendant's favor.

It is not open to dispute that a decision on its merits by a court of competent jurisdiction determines conclusively between the parties every issue which in fact was or which in law might have been litigated. *Franklin* v. *North Weymouth Cooperative Bank*, 283 Mass. 275, 280. The specific contention of the plaintiff is that the Municipal Court in supplementary proceedings did not have jurisdiction to

adjudicate the validity of the plaintiff's discharge in bankruptcy as a bar to the defendant's claim. That contention is based upon a statement in *Badger* v. *Jordan Marsh Co.* 256 Mass. 153, 156, 157, to the effect that the Municipal Court of the City of Boston has no authority "to stay temporarily or perpetually the executions which issued on its judgments." That statement was made before the enactment of St. 1927, c. 334, § 2, now embodied in G. L. (Ter. Ed.) c. 224, §§ 14–30, which provide for supplementary proceedings such as are here involved. That statement cannot be stretched to govern the facts here disclosed with respect to procedure established by a statute not then in existence. *Vigeant* v. *Postal Telegraph Cable Co.* 260 Mass. 335, 343. *Sinclair* v. *United States*, 279 U. S. 749, 767. The question presented must be decided on its merits and is not precluded by the *Badger* case.

The design of the statute as to supplementary procedure is "to provide a searching inquiry into the ability of the judgment debtor to pay his legal obligation, to relieve him from harassment if found unable to pay, but to compel him to do what an honest man ought to be willing to do if found able to pay in whole or in part. This procedure savors strongly of proceedings in equity." *Giarruso* v. *Payson*, 272 Mass. 417, 420. *McDermott* v. *Justices of the Municipal Court of the City of Boston*, 287 Mass. 563. *B. F. Huntley Furniture Co.* v. *Parker, ante,* 339. In any event inability on the part of a court to grant complete injunctive relief to a judgment debtor is not inconsistent with a power to determine issues and exercise jurisdiction to afford a less extensive relief in proceedings rightly before it. Courts commonly refrain from aiding in the enforcement of a judgment where there exists an appropriate defence. *F. H. Hill Co. Inc.* v. *Doe*, 286 Mass. 187, 188–189. *DiRuscio* v. *Popoli,* 269 Mass. 482. Process to enforce a judgment despite a valid discharge in bankruptcy properly pleaded and brought to the attention of the court would be in violation of statutes enacted pursuant to the paramount authority of the United States. A bankrupt is exempt from arrest on dischargeable claims and given other protection arising from a discharge.

30 U. S. Sts. at Large, 549, c. 541, §§ 9, 11. 30 U. S. Sts. at Large, 550, c. 541, § 17, as amended by 42 U. S. Sts. at Large, 354, c. 22. The nature of the supplementary proceedings established by G. L. (Ter. Ed.) c. 224, §§ 14–30, conferred upon the Municipal Court jurisdiction to pass upon the applicability of a discharge in bankruptcy to the judgment sought to be enforced. It was the duty of that court to pass upon and decide that issue when it was directly raised as it was in the supplementary proceedings.

Supplementary proceedings under the statute although directed primarily to ascertainment of the ability of the judgment debtor to pay the judgment do not compel the court to enforce the judgment without inquiry into existing defences. It would be vain and vexatious for a court of superior and general jurisdiction to enforce a judgment to which there was a valid defence. Such a court in the absence of explicit provisions to that effect would not be required to ignore such a defence, but on the contrary ought ordinarily to take cognizance of it. As a necessary incident of its power to enforce the judgment, the Municipal Court had jurisdiction to pass upon the motion to dismiss.

The Municipal Court is a court of superior and general jurisdiction with reference to all cases and matters in which it has jurisdiction and like presumptions shall be made in favor of its proceedings as would be made in favor of proceedings of other courts of superior and general jurisdiction. G. L. (Ter. Ed.) c. 218, § 4. Unreversed decisions of such a tribunal are accorded the effect of res judicata. Savage v. Welch, 246 Mass. 170, 176. Although the order in question is subject to revision and modification, G. L. (Ter. Ed.) c. 224, § 16, and therefore for some purposes may not be final, McDermott v. Bryer, 62 Fed. Rep. (2d) 297, that power of revision relates largely if not exclusively to possible changes in the debtor's ability to pay. Retention of further jurisdiction to that end does not affect the finality of the judgment of the Municipal Court as to other matters involved. See St. Louis, Iron Mountain & Southern Railroad v. Southern Express Co. 108 U. S. 24; Winthrop Iron Co. v. Meeker, 109 U. S. 180. The issuance of

the order denying the motion to dismiss and directing payments by the debtor in the circumstances here disclosed necessarily implied a decision as to the merits of the issue whether the creditor received such notice of the bankruptcy of the debtor as would constitute the discharge of the latter a bar to the claim. That issue was raised by the pleadings and was open on the agreed facts. The adjudication of that issue and of the rights thereby involved was implicit in the decision of the Municipal Court and was final. *Long v. George*, 290 Mass. 316, 321. *McCullough* v. *Clark*, 41 Cal. 298. *United States* v. *Meyering*, 66 Fed. Rep. (2d) 347. *Redmon* v. *Witt*, 9 Fed. Rep. (2d) 36. *Baker* v. *State*, 109 Ind. 47.

The present plaintiff accepted that adjudication without attempt to secure review of rulings of law there made. He is bound by them. The findings of fact in any event were final. *Giarruso* v. *Payson*, 272 Mass. 417, 420, 421. *McDermott* v. *Justices of the Municipal Court of the City of Boston*, 287 Mass. 563. *Swan* v. *Justices of the Superior Court*, 222 Mass. 542, 543, 544.

It is manifest from those agreed facts that the question whether Adlman had notice or actual knowledge of the bankruptcy proceedings was considered by the court. Without deciding that question in favor of the present defendant, there was no other ground for the order enforcing the judgment.

It follows that the parties have already received adjudication by a court of competent jurisdiction of the precise issue here sought to be raised. That decision requires the application of the rule of *res judicata* in the case at bar. *Franklin* v. *North Weymouth Cooperative Bank*, 283 Mass. 275, 280.

The decision of the trial judge on the defence of *res judicata* was in substance and effect a ruling of law. It depended not upon oral evidence, but upon facts not open to dispute. The decree granting injunctive relief was not warranted upon those facts. Other questions argued need not be considered.

*Final decree reversed.*

*Decree to be entered dismissing the bill.*