Donovan, J.
In this action of contract the record discloses that what purports to be the original writ was returned to, and entered in court with the officers’ returns of service thereof upon the trustees named therein endorsed thereon but without service thereof having been made upon the defendant; that the defendant and all trustees named therein except the First National Bank of Boston, (one of the trustees named) either reside or have their usual place of business outside Suffolk County but within the Commonwealth of Massachusetts; that subsequent to the entry in court of the document in question the defendant was served with an order of personal notice to appear and answer the plaintiff’s claim; that this order of personal notice was duly returned to court with the officers’s return of service endorsed thereon; that the defendant, without ever having appeared in answer to said order of personal notice, but appearing specially, filed his answer in abatement and as *256 grounds therefor alleged that the document which in the first instance was returned' to, and entered in court is not the original writ which issued in the action and therefore is void and that the sole purpose of the plaintiff in naming the First National Bank of Boston as one of the trustees was to confer upon this court jurisdiction to hear and determine the action.
The court sustained the defendant’s answer in abatement on the first ground named therein and ordered the action abated.
At the hearing on the answer in abatement the trial judge admitted in evidence, without objection, the document marked Exhibit No. 1, which purports to be the original writ with the officers’ returns of service upon the trustees endorsed thereon, and, against the plaintiff’s objection, admitted the testimony of the Deputy Sheriff who served the original writ upon all the trustees named therein, except the First National Bank of Boston. Upon this evidence it appears and the court could have found, and in substance did expressly find, that after the service of the original writ upon the trustees served by him, and before the return day named therein, the Deputy Sheriff in question lost the original writ; that thereupon he prepared a duplicate copy of the original writ upon which he endorsed his return of service of the original writ upon the trustees served by him, and, without permission of court, but with the knowledge of counsel for the plaintiff, he then returned this duplicate copy, (Exhibit No. 1) to court and caused the same to be entered therein as and for the original writ.
The plaintiff claims to be aggrieved by the admission of this evidence and by the denial of its motion to exclude the same made at the termination of the hearing of the defendant’s answer in abatement, on the ground that it *257 tends to contradict the officer’s return of service, and argues, and we agree, that the general rule in this Commonwealth without exception has always been and now is that as between the parties, and their privies, the return of an officer is conclusive as to all matters which are properly the subject of a return by him, and that their only remedy for a false return is by action against the officer, Slayton v. Chester, 4 Mass. 478, United Drug Co. v. Cordley & Hayes, 239 Mass. 334 at 339 and cases cited, but in this Commonwealth, as elsewhere, one of the prerequisites of the court’s jurisdiction over the person of the defendant in an action at law, or in equity, is that when the validity of the writ or process is in question it must be made to appear in fact that the writ or process when directed to an officer for service was lawfully issued, lawfully served and returned to court by the officer who served the same together with his return of service thereof or, that waiving such service the defendant has voluntarily appeared and submitted himself to the jurisdiction of the court. Phillips v. Director General of Railroads, 251 Mass. 263 at 266; Cohen v. Levy, 221 Mass. 336; Hall v. Jones, 9 Pick. 466; Inhabitants of Brewer v. Inhabitants of New Gloucester, 14 Mass. 216; Sandler Co. v. Portland Shoe Mfg. Co., 291 Mass. 326; Hill Co. v. John Doe, 286 Mass. 187.
In the instant case the duplicate copy which the officer returned to and caused to be entered in court with his return of service endorsed thereon was not lawfully issued. It is not the writ which the officer served nor is it the writ which he was commanded to serve and return to court with his doings therein. In other words, it is a nullity and by it the court could never obtain jurisdiction of the person of the defendant even if the evidence disclosed that the original writ had in fact been served upon him. See Simeon v. Cramm, 121 Mass. 492.
*258 The rule that “an officer’s return is conclusive as to all matters which are properly the subject of a return by him” means conclusive as to the acts and duties which he is required to perform but it is no part of the officer’s duty to alter or amend the writ nor, do we think, to substitute a copy for the original writ.
The writ after it is issued and served cannot be altered without leave of court. Simeon v. Cramm, 121 Mass. 492, 493, supra.
Where an original writ has been lost the court upon motion made for the purpose may permit a copy thereof to be filed as a substitute. Sturtevant v. Robinson, 18 Pick. 175, and it seems to follow that the copy of the original writ can be substituted only by permisison of the court.
The service of the order of personal notice upon the defendant did not cure the court’s lack of jurisdiction over the person of the defendant because it was based upon what is in fact and in law a void writ, and especially since the defendant never voluntarily appeared and submitted himself to the jurisdiction of the court. This lack of jurisdiction of the person of the defendant does not appear upon the face of what purports to be the original writ, and for this reason the defendant’s answer in abatement was the proper remedy to show want of jurisdiction. Haynes v. Sauders, 11 Cush. 537. Pitman v. Tremont Nail Co., 2 Allen, 531; Simonds v. Parker, 1 Met. 508 at 511.
Even though the evidence of the deputy sheriff in question tended to contradict his return and for that purpose was inadmissible, it was properly admitted for the purpose of showing want of jurisdiction and warranted the findings made by the trial judge. Likewise the denial of plaintiff’s motion to exclude this evidence was proper. We find no error in the denial of plaintiff’s request for ruling No. 8 having to do with the sufficiency of the evidence.
*259 The case of David v. Larochelle, 296 Mass. 302 cited by the plaintiff, and upon which it seems to rely, is not applicable here because in that case the officer’s return, though false, made it appear that proper service of an original summons issued by and returned to court was made upon the defendant who defaulted and that thereafter the court issued a copias regular on its face, by virtue of which the defendant was arrested and that the defendant then sued the officer for assault and false imprisonment. The court held the officer was justified in arresting the debtor, and was not liable to him for assault or false imprisonment in so doing but that he was liable for all damages proximately resulting from the false return, including the arrest. No question of jurisdiction or of the validity of the process under which the officer acted and returned to court was involved.
For reasons herein stated we find no error in the qualified allowance of plaintiff’s requests for rulings Nos. 1, 2, 3 and 4, nor in the denial of its requests for rulings Nos. 5, 6 and 7 as not applicable to facts found, all of which requests deal only with the conclusiveness of the officer’s return.
We do not pass upon the question of law raised by plaintiff’s requests for rulings Nos. 9 and 10 dealing with the duplicity of the defendant’s answer in abatement because the plaintiff did not argue same and we therefore deem them waived.
It does not appear that the defendant ever submitted himself to the jurisdiction of the court nor that the action was legally entered in court on the return day. Therefore, plaintiff’s requests for rulings Nos. 15 and 18 dealing with these questions were properly denied.
Plaintiff’s requests for rulings Nos. 19 and 20 are so worded that they deal with questions pertaining to the merits of the case which were not before the court on the *260 defendant’s answer in abatement. The trial judge did not specifically allow or deny either of these requests but in connection therewith filed the memorandum, “I am ruling only on the answer in abatement.” Whatever error was committed by the trial judge in so doing it is not prejudicial to the plaintiff’s rights. Even if we treat both these two requests as having been denied we think such denial of them was proper. Beport dismissed.