*Municipal Court of the City of Boston*

No. 470650

**ARABAN COFFEE CO., INC.**

v.

**RESTAURANT ASSOCIATES, INC.**

(June 6, 1958 — December 11, 1958)

*Present:* Lewiton, J. (Presiding), Roberts and Shamon, JJ.

Case tried to *Adlow, C. J.*

*Roberts, J.* This is an action of contract, commenced in the Municipal Court of the City of Boston, in which the plaintiff, a Massachusetts corporation with an usual place of business *in Boston,* seeks to recover the sum of $1,753.35 upon an account annexed for goods sold and delivered. The defendant is described in the writ as a Massachusetts corporation having an usual place of business in Boston. Attachment and service was made upon the defendant in Lynn, County of Essex.

The defendant filed an Answer in Abatement in which it alleged that its only place of business is *in Lynn,* County of Essex.

The defendant made the following requests

for rulings, on which the Court ruled as indicated:

"1. This Court does not have jurisdiction over the corporate defendant. *No.*

2. If the defendant does not have an usual place of business within the venue of this Court, the writ must abate. *No. Chapter 223, sec. 8 (2).*

3. Under the provisions of G. L. (Ter. Ed.) c. 223, sec. 2, the plaintiff's writ must abate. *See 2.*

4. Venue in the above matter is improper. *No.*

5. Where the defendant introduces evidence that it does not have an usual and principal place of business within the venue of this Court, the burden of proof is then upon the plaintiff to show otherwise. *Immaterial facts agreed.*

6. The plaintiff has not sustained the burden of proving that the venue of its writ is proper. *No.*

7. If it be proven that the defendant has transacted some business in Boston, that fact is not sufficient to bring the plaintiff's action within the venue of this Court. *Yes. Immaterial. See 2.*

8. An officer, agent or employee of a corporation lacks authority to change the principal or usual place of business of that corporation. *Yes.*"

The defendant admitted through further particulars that it owed the sum of $1,200 and the Court overruled the defendant's Answer in Abatement. The plaintiff has a finding.

The sole question for determination is whether G. L. (Ter. Ed.) c. 223, §8 (2) applies to the Municipal Court of the City of Boston.

That statute provides as follows: "Transitory actions, except those mentioned in the preceding section, to which a corporation,

other than a county of the City of Boston, is a party, may be brought as follows:

"(2) If both parties are corporations, other than a city, town or parish, in any county in which either corporation has an usual place of business, or in which it held its last annual meeting, or usually holds its meetings."

In *Raymond v. City of Lowell,* 6 Cush. 524, the Court said at page 529, "The object of the legislature, in adding §16 to c. 90 of the revised statutes (the predecessor to G. L. c. 223, §8) was not to make actions against corporations local actions, but to give corporations a species of locality, in the nature of a domicil, and to determine where they should be held to be resident, for the purpose of suing and being sued." *Vermont & Mass. R.R. Co. v. Orcutt,* 2 Allen 116, 118.

The purpose of this section was to remove ambiguity as to the county in which actions, to which a corporation was a party, should be brought, and it is to be liberally construed.

"The reasons which once made venue important have long disappeared, and we see no reason for any greater strictness than is absolutely required by statute and precedent." *Mannville Co. v. Worcester,* 138 Mass. 89, 91; *Nat. Shawmut Bank v. Waterville,* 285 Mass. 252.

The defendant relies upon the case of *Potter v. LaPointe Machine Tool Co.,* 201 Mass. 557, decided in 1909, in which the Court, referring to R. L. c. 167, §7, Cl. 3,

now embodied in G. L. (Ter. Ed.) c. 223, §8, said,

> "This section . . . only fixes the county of venue; it does not settle the jurisdiction of the respective courts within the county, which is established by other sections of the Revised Laws. It applies to COURTS OF GENERAL JURISDIC-TION (emphasis supplied). Its purpose was not to enlarge the powers of courts of limited jurisdiction. If the construction of this section sought for by the plaintiff is tenable, then the jurisdiction of all police, district and municipal courts for natural persons residing or having places of business within their territorial limits as to all corporations would be bounded only by the confines of the Commonwealth."

It is to be noted, however, that subsequent to the decision (1909) in that case, the General Court enacted, by the St. 1916, c. 174, a statute declaring that all district and municipal courts shall be courts of superior and general jurisdiction. That statute provided:

> "1) The process, civil or criminal, of a district, police, or municipal court, shall run throughout the Commonwealth for service in any case or proceeding within its jurisdiction.
>
> "2) District courts shall be courts of record. They shall be courts of superior and general jurisdiction with reference to all cases and matters in which they have jurisdiction, and no order, decree, judgment, sentence, warrant, writ, or process made, issued or pronounced by them need set out any adjudication or circumstances with greater particularity than would be required in other courts of superior and general jurisdiction, and the like presumption shall be made in favor of proceedings of other courts of superior and general

in favor of proceedings of such courts as would be made jurisdiction." G. L. (Ter. Ed.) c. 218, §4.

The Municipal Court of the City of Boston is subject to the provision of this statute. *Long v. George,* 290 Mass. 316; *Schaffer v. Leimberg,* 318 Mass. 396, 404.

"The Municipal Court (of the City of Boston) is a court of superior and general jurisdiction with reference to all cases and matters in which it has jurisdiction and like presumptions shall be made in favor of its proceedings as would be made in favor of proceedings of other courts of superior and general jurisdiction." *Goldman v. Adlman,* 291 Mass. 492, 496.

The *Potter Case,* having been decided before the enactment of G. L. (Ter. Ed.) c. 218, §4, cannot govern the facts with respect to matters established by a statute not then in existence. *Goldman v. Adlman,* 291 Mass. 492, 495; *Vigeant v. Postal Telegraph Cable Co.,* 260 Mass. 335, 343.

Our conclusions as to the applicability of §8 to actions commenced in the district courts is further supported by the fact that the legislature, some years after the enactment of the St. 1916, c. 223, saw fit to amend G. L. c. 223, §7, pertaining to venue in negligence actions, making that section expressly inapplicable to actions in the district courts, without similarly limiting the applicability of section 8 with which we are here concerned. (See St. 1923, c. 111.)

This is a transitory action as distinguished from a local or statutory action. *Boyle v.*

*Gould,* 164 Mass. 144, 145. The parties are domestic corporations, and the plaintiff has an usual place of business in Boston. G. L. (Ter. Ed.) c. 223, §8 is applicable. The Municipal Court of the City of Boston is proper venue for this action, and the Answer in Abatement was rightly overruled.

*Report dismissed.*

Cohen, Tucker & Bromley of Boston, for the plaintiff.

Russell H. Mann, Jr., Libman, Kaplan & Packer, all of Boston, for the defendant.