Charles C. P. Holden

*v.*

George Sherwood.

</div>

1. Bankruptcy—*stay of suit against bankrupt.* As a bankrupt may
waive a discharge when sued before his final discharge, if he wishes to stay
proceedings until-the question of his discharge is determined he must plead
the proceedings in bankruptcy, or bring them to the knowledge of the court
in a proper manner.   In suits originating before justices of the peace, this
may be done by motion based on a transcript of the proceeding in bank-
ruptcy.

2. Same—*time of motion for stay of suit.* On an appeal from a justice
of the peace, a motion by the defendant .to stay the suit on the ground of
proceedings in bankruptcy, comes too late after trial and verdict.   It should
be made before the cause is called for trial.

3. Bill of exceptions—*on motion to stay proceedings under the Bank-
rupt Law.* If a motion is made under the Bankrupt Law ' in apt time to

stay a suit until the defendant's right to a discharge is settled, and is dis-
allowed, the motion, transcript, and all the evidence heard upon the motion,
should be embodied in a bill of exceptions, and thus made a part of the
record, to authorize this court to review the decision.

APPEAL from the Circuit Court of Cook county; the Hon.
JOHN G. ROGERS, Judge, presiding.

Messrs. HOLDEN & MOORE, for the appellant.

Miss ALTA M. HULETT, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action commenced before a justice of the peace
of Cook county, by appellee against appellant. A trial was
had, resulting in a judgment for $100, and costs of suit. De-
fendant perfected an appeal to the circuit court of that county,
and the cause was again tried by the court and a jury, result-
ing in a verdict for $113.50. This latter trial was had on the
22d day of January, 1876. On the rendition of the verdict in
the circuit court, defendant suggested that he had been decreed
a bankrupt, and leave was thereupon asked of the court to file
a transcript of the proceedings in bankruptcy, which was
granted, and the court thereupon rendered judgment on the
verdict. The cause is brought to this court on appeal.

It is urged that the General Bankrupt Act, (Rev. Stat. U. S.
sec. 5106,) prohibits all creditors from "prosecuting their suits
to final judgment against a bankrupt, until the question of the
discharge of such debtor shall have been determined; and any
such suit shall be stayed to await the determination of the court
in bankruptcy on the question of discharge," etc. The record
contains no bill of exceptions, and it only states that appellant
suggested his bankruptcy to the court, and asked leave to file the
transcript of the record showing his bankruptcy. It nowhere
appears that any motion was entered for a stay of proceedings
until the question of his discharge should be determined.

Before a justice of the peace, a motion, accompanied with
the transcript and based thereon, would be proper practice, as

it is not a court of record, and pleadings are not required. When based on the transcript alone, there must be a motion for an order to stay proceedings. That is the only means by which the court can have anything upon which to act. A court would not be authorized to enter such an order of its own motion, nor is it the duty of the judge to make inquiry to learn whether the parties, or either of them, have become bankrupt, nor can he act on any knowledge he may acquire, until asked in an appropriate manner.

It is true, the statute prohibits the court from proceeding to final judgment until the question of a discharge shall be determined, but the fact must be pleaded or brought to the knowledge of the court in a proper manner. As well say, that if a defendant were to suggest that he had paid the debt for which he was sued, and ask leave to and file the receipt, it should prevent the court from proceeding to try the case. A bankrupt may waive a discharge. The law does not compel him to rely on it, nor does it require a court to allow the discharge simply upon the fact being suggested. To defeat the action, it must be pleaded in the same manner as any other defense.

The suggestion that the defendant was a bankrupt, was wholly unlike the suggestion of the death of one of the parties, as in that case the court thereby loses jurisdiction of the party by his death, and the court can proceed no farther until some person is substituted to represent him. Not so with the bankrupt, as the court still continues to have jurisdiction of his person, and may proceed to trial and judgment, unless he in a proper manner interposes his bankruptcy.

But even if there had been a proper motion, it came too late, as the bankruptcy had occurred some five months before the trial, if we may look into the certificate of the register. Appellant should have made his motion for a stay of proceedings, based on the transcript, before the cause was called for trial. He could not be permitted to lie by and permit the plaintiff to incur the expense of a trial, and when it terminated

in a verdict against him, then, for the first time, to ask for a stay of proceedings.

Again, if a motion had been properly made, and in apt time, and disallowed by the court, the motion, the transcript, and all evidence on the hearing of the motion, should have been embodied in a bill of exceptions, to become a part of the record in the case; so that, in any point of view in which the case can be considered, there is no ground for reversing the judgment of the court below, and it must be affirmed.

*Judgment affirmed.*