## Daniel Bordner, et al., v. J. C. Myers.

1. BILL OF EXCEPTIONS—*what must show.* Where the action of the court in refusing to stay proceedings is sought to be reviewed, the bill of exceptions must show the motion to stay and the exception to the ruling of the court thereon.

Action of debt. Appeal from the County Court of DeWitt County; the Hon. FRED C. HILL, Judge, presiding. Heard in this court at -the November term, 1905. Affirmed. Opinion filed March 20, 1906.

JOHN FULLER, for appellants.

EDWARD J. SWEENEY, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court. Appellee, J. C. Myers, brought suit in the County Court

of De Witt County, against appellants upon an appeal bond and recovered a judgment from which appellants have appealed.

Appellants have assigned several errors, but in their argument say that the only error they care to argue is that the court refused to allow their motion to stay proceedings in such suit until a writ of error (then alleged to be pending in the Appellate Court) could be determined.

The bill of exceptions does not show the making of the motion to stay the action of the court thereon, nor any exception to the ruling of the court.

If error be assigned thereon, such motion and the action of the court upon the motion and appellants' exception thereto must all be embodied in the bill of exceptions. C., R. I. & P. Ry. Co. v. Town of Calumet, 151 Ill., 512; Holden v. Sherwood, 84 Ill., 92.

Nor is it sufficient that the clerk recites in the record that exception was taken. Nor will joinder in error and submitting the cause be a waiver of defect in this respect. Martin v. Foulke, 114 Ill., 206.

Since there is no error in this case properly assigned, the judgment of the lower court is affirmed.

*Affirmed.*