CHARLES F. SMITH *vs.* JOSEPH MILLER & others.

Suffolk.　January 18, 1917. — March 1, 1917.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Bankruptcy. Practice, Civil,* Exceptions, Entry of judgment.

Where in an action at law against three defendants one of the defendants gave a bond to dissolve an attachment made on the writ and afterwards was adjudicated a bankrupt and filed a suggestion of bankruptcy and moved for a continuance of the action so far as it related to him, a judge of the Superior Court, before whom the case was tried without a jury, denied the motion for a continuance, made a finding for the plaintiff against all the defendants and ordered a stay of execution against the bankrupt defendant; and it was *held* that under § 11 a of the bankruptcy act of 1898 the judge had discretionary power to deny the motion for a continuance made after the adjudication in bankruptcy, and therefore that the bankrupt was not entitled as of right to a continuance of the action after he was adjudicated a bankrupt.

Where upon exceptions, taken by a defendant at the trial of an action of law in the Superior Court, which were argued before this court, the plaintiff prevails and the exceptions are overruled, this court cannot grant a motion of the plaintiff, made in the full court at the time of the argument upon the exceptions, that judgment be entered in his favor as of a certain date when such judgment would have been entered if the exceptions had not been filed, because such a motion should be made in the Superior Court where the action is pending.

CONTRACT against three defendants upon a judgment obtained against them in a previous action. Writ dated June 10, 1916.

In the Superior Court the case was tried before *Hamilton, J.,* without a jury. The material facts and the course of proceedings in regard to the defendant Fishbein, who gave a bond with sureties to dissolve an attachment and afterwards was adjudicated a bankrupt, are stated in the opinion. The judge denied the motion of that defendant for a continuance as there stated. He found for the plaintiff against all the defendants in the sum of $154.43, and ordered a stay of execution as against the defendant Fishbein. That defendant alleged exceptions.

The case was submitted on briefs.

Section 11 a of the bankruptcy act of 1898 is as follows: "A suit which is founded upon a claim from which a discharge would be a release, and which is pending against a person at the time of the filing of a petition against him, shall be stayed until after an adjudication or the dismissal of the petition; if such person is adjudged a bankrupt, such action may be further stayed until twelve months after the date of such adjudication, or, if within that time such person applies for a discharge, then until the question of such discharge is determined."

*M. Jacobs & R. F. Albert,* for the defendant Fishbein.

*C. F. Smith, pro se.*

CROSBY, J. This is an action upon a judgment; the writ is dated June 10, 1916. The defendant Fishbein gave a bond with sureties to dissolve an attachment made upon the writ and afterwards, on August 24, 1916, was adjudicated bankrupt.

The case was heard upon the merits by a judge of the Superior Court, sitting without a jury. At that hearing Fishbein filed a suggestion of bankruptcy, together with a duly certified copy of the adjudication, and also presented a motion for a continuance of the action, so far as it related to him, to await further proceedings in the bankruptcy court. After a hearing, this motion was denied; a finding was made in favor of the plaintiff against all the defendants, and a stay of execution was ordered as against the defendant Fishbein. To the ruling denying the motion for a continuance, Fishbein excepted, and this exception raises the only question presented.

The bankruptcy act (U. S. St. 1898, c. 541, § 11) requires a stay of an action pending upon a claim to which a discharge would be a bar, until after an adjudication or the dismissal of the petition; but whether such an action is to be further stayed after an adjudication of bankruptcy, is to be determined by the trial judge in the exercise of his discretion.

In construing § 11 of the bankruptcy act, which deals with this question, this court said in the case of *Rosenthal* v. *Nove,* 175 Mass. 559, at page 563, "we hold that the court in which a suit against a bankrupt is pending is not, after the adjudication of bankruptcy, bound to stay proceedings further therein, while it may do so if, and to such an extent as, justice may require. The action is not absolutely barred, and the court has power to proceed to

judgment." *Feigenspan* v. *McDonnell,* 201 Mass. 341. *Rogers* v. *Abbot,* 206 Mass. 270. *Parker* v. *Murphy,* 215 Mass. 72. *In re Maaget,* 173 Fed. Rep. 232.

The discretion vested in the trial court by § 11 of the bankruptcy act does not depend upon the question whether an attachment was made in the pending action within, or more than four months before the filing of the petition in bankruptcy, or whether any attachment has been made. It follows that the defendant was not entitled as of right to a continuance of the action after he was adjudicated a bankrupt.

The plaintiff asks that judgment be entered in his favor as of November 6, 1916, the date when such judgment would have been entered if exceptions had not been filed. This request cannot be granted. It should be made by motion in the Superior Court where the case is pending.

- *Exceptions overruled.*