MORRIS WEXLER *vs.* NATHAN DAVIS.

Suffolk.     March 6, 1934. — March 28, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & LUMMUS, JJ.

*Bond*, To dissolve attachment.   *Bankruptcy*, Discharge.   *Judgment*, Special.

Where, in an action on a promissory note, a mesne attachment of the defendant's property was made, and the defendant gave a bond with sureties to dissolve the attachment and within four months thereafter was adjudicated a bankrupt, subsequently obtaining his discharge in bankruptcy, it was proper to order the entry of judgment for the plaintiff, "said judgment not to be enforced against the defendant, and the execution on said judgment [to] be perpetually stayed," all to enable the plaintiff to establish the liability of the sureties on the bond.

CONTRACT. Writ in the Municipal Court of the City of Boston dated February 2, 1927.

The action was heard in the Municipal Court by *Bolster*, C.J. Material facts and rulings given and refused are described in the opinion. There was a finding for the defendant and a report to the Appellate Division. The order by the Appellate Division is stated in the opinion. The defendant appealed.

*H. Olins*, for the defendant.

*H. Singer*, for the plaintiff.

CROSBY, J.  This is an action on a promissory note.  The answer as amended denies every allegation in the writ and declaration, pleads payment, and further answering the defendant alleges that he is released from liability by his discharge in bankruptcy.  The writ is dated February 2, 1927. An attachment was made and a bond with sureties was given by the defendant to dissolve the attachment.  The action was entered February 12, 1927, and on March 9, 1927, the defendant filed a suggestion of bankruptcy.  It was agreed by the parties that the defendant was the maker of the note, that the plaintiff was the payee and that it had not been paid; that after the beginning of the action and within four months, the defendant was adjudicated a bankrupt; that subsequently he obtained his discharge in bankruptcy, which is the only defence relied on by the defendant.  At the trial the plaintiff moved for an entry of judgment with a perpetual stay of execution for the purpose of establishing the liability of the sureties on the bond.  The trial judge denied the motion, and found as follows: "The court finds for the defendant and denies motion of plaintiff for judgment with perpetual stay of execution."  The defendant requested the judge to rule that "Where a defendant gives a bond to dissolve an attachment and within four months thereafter goes into bankruptcy, and where the claim is scheduled in bankruptcy and the bankrupt receives a discharge from said claim, no judgment can issue against the defendant upon said claim, nor can any special judgment issue against the sureties on the bond."  The judge granted this request.  The plaintiff made the following requests: "1.  That the giving of a bond to dissolve an attachment creates a new obligation not liable to be discharged by the death or insolvency of the defendant. 2.  The discharge in bankruptcy of the defendant does not alter the liability of a person who is a co-debtor with, or guarantor or in any other manner a surety for the bankrupt. 3.  That where the defendant in a State court gives a bond to dissolve an attachment and then, within four months of the giving of the bond, files a petition in bankruptcy, the discharge in bankruptcy of the defendant does not prevent the plaintiff from subsequently taking a judgment against

him with a permanent stay of execution, so as to enable the plaintiff to enforce the secondary liability of the sureties." The third request was denied, and the judge stated that in view of the granting of the defendant's request, requests 1 and 2 became "academic generalizations." The plaintiff filed a request that the denial of his third request be reported to the Appellate Division. The Appellate Division ordered "that the finding for the defendant be vacated, and that judgment be entered for the plaintiff in the amount claimed in the declaration, said judgment not to be enforced against the defendant, and the execution on said judgment be perpetually stayed." From this decision the defendant appealed.

Section 11a of the bankruptcy act (30 U. S. Sts. at Large, 549) provides that an action shall be stayed upon a claim to which a discharge would be a bar, until after an adjudication or the dismissal of the petition, but the question whether such action shall be further delayed after an adjudication is a matter resting in the discretion of the trial judge. *Rosenthal* v. *Nove*, 175 Mass. 559. *Smith* v. *Miller*, 226 Mass. 187, 188. *Berry Clothing Co.* v. *Shopnick*, 249 Mass. 459, 463. Neither the death nor the bankruptcy of the principal discharges the surety from his liability to satisfy a judgment lawfully rendered against the principal or his representatives, but in the absence of fraud such judgment is conclusive against the surety. *Tapley* v. *Goodsell*, 122 Mass. 176. *Guaranty Security Corp.* v. *Oppenheimer*, 243 Mass. 324. It was said in *Citizens Loan Association* v. *Boston & Maine Railroad*, 196 Mass. 528, at page 530: "A debt is not extinguished by a discharge in bankruptcy. The remedy upon the debt, and the legal, but not the moral, obligation to pay, is at an end." Section 16a of the bankruptcy act provides: "The liability of a person who is a co-debtor with, or guarantor or in any manner a surety for, a bankrupt shall not be altered by the discharge of such bankrupt." The discharge in bankruptcy of the defendant does not prevent the plaintiff from subsequently having a judgment entered against him (such judgment not to be enforced against the bankrupt) with a permanent stay of execution and the enforcement of

the liability of the sureties on the bond. *Smith* v. *Miller*, 226 Mass. 187. *Barry* v. *New York Holding & Construction Co.* 229 Mass. 308. *Hill* v. *Harding*, 130 U. S. 699. *Marshall Paper Co.* v. *Train*, 102 Fed. Rep. 872. *Manufacturers' Finance Corp.* v. *Vye-Neill Co.* 62 Fed. Rep. (2d) 625. The power of the court to enter special judgments for the purpose of charging sureties on bonds to dissolve attachments was considered in *Barry* v. *New York Holding & Construction Co. supra.* It was there stated that before the passage of St. 1875, c. 68, St. 1880, c. 246, § 8, Pub. Sts. c. 171, §§ 23, 24, and R. L. c. 177, § 25, the court constantly refused to enter special judgments for the purpose of charging sureties upon bonds given to discharge attachments, and that in an action of contract where the plaintiff would be entitled to a judgment, except for the discharge of the defendant in bankruptcy pleaded as a defence to the action, the plaintiff on motion is entitled to have judgment entered for him in the amount found to be due, such judgment not to be enforced against the bankrupt personally or to be operative beyond such value as the bankruptcy act attributes to it as evidence of the amount due as a provable claim in bankruptcy; and to have execution on said judgment stayed perpetually.

Although the bankruptcy act superseded all State laws relating to insolvency, there is nothing in the act which prevents the rendering of a special judgment on a bond to dissolve an attachment for the purpose of establishing the liability of the sureties thereon. *Barry* v. *New York Holding & Construction Co. supra.* *Hill* v. *Harding*, 130 U. S. 699, 703, and cases cited. Nor is there any statute of this Commonwealth which will prevent the court from exercising its sound discretion. The court has power to enter a final judgment in such form as will enable a plaintiff to enforce the liability of the sureties on the bond. *Smith* v. *Miller*, 226 Mass. 187. *Berry Clothing Co.* v. *Shopnick*, 249 Mass. 459, 464. The power to enter such judgments to enable parties to enforce rights against sureties on bonds is in accord with manifest justice.

The final order of the Appellate Division that the finding

for the defendant be vacated, and that judgment be entered for the plaintiff in the amount claimed in the declaration, said judgment not to be enforced against the defendant, and that the execution on said judgment be perpetually stayed, was correct.

*Order of Appellate Division affirmed.*