HORMIDAS J. ALLARD *vs.* RALPH C. ESTES.

Bristol.     October 22, 1934. — September 25, 1935.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & LUMMUS, JJ.

*Judicial Immunity. Practice, Civil,* Stay of proceedings by reason of bankruptcy. *False Imprisonment. Jurisdiction. Bankruptcy. Supplementary Process. Words,* "Arrest," "Suit."

The word "arrest" in § 9 of the national bankruptcy act includes imprisonment; and the word "suit" in § 11 includes supplementary process.

A party to litigation has no cause of action against a judge for erroneous decisions made within his jurisdiction.

Neither the mere filing of a petition in bankruptcy nor even the filing and specific pleading of a suggestion of bankruptcy in a State court requires that court to stay proceedings pending therein against the

bankrupt or to suspend the exercise of its ordinary powers with respect to such proceedings, including the power to punish for contempt upon disobedience of its orders; the matter of bankruptcy must be brought to the attention of that court by some sort of application for a stay.

The declaration in an action of tort against the judge of a district court, based on the alleged ground that imprisonment of the plaintiff by the defendant for contempt following the plaintiff's failure to obey an order made in supplementary process was without jurisdiction and wrongful because of the bankruptcy of the plaintiff, was demurrable for the reason, among others, that it did not contain any allegations that the debt of the plaintiff to the creditor in supplementary process was dischargeable under the bankruptcy act and had been properly scheduled in the bankruptcy proceedings.

Even if it was error for a judge of a district court, because of the bankruptcy of the debtor in supplementary process therein, to fail to stay the proceeding, to commit the debtor for contempt for failure to obey an order of the court and to confine him in the house of correction instead of the jail, such errors were merely in the judge's exercise of his jurisdiction and did not amount to acting without any jurisdiction at all; and therefore the debtor had no cause of action for false imprisonment against the judge.

TORT. Writ dated May 19, 1932.

A demurrer by the defendant was sustained in the Superior Court by *Hanify*, J. The plaintiff appealed.

*C. W. Crooker*, for the plaintiff.

*W. A. Swift*, (*W. M. Swift* with him,) for the defendant.

RUGG, C.J. This is an action of tort. The allegations of the declaration in substance are these: The defendant is the judge of the Fourth District Court of Bristol. One Bullock brought an action of contract in that court against the plaintiff and recovered judgment, on which execution issued. Supplementary proceedings were instituted against the plaintiff (G. L. [Ter. Ed.] c. 224, §§ 2–30) and on December 10, 1930, the defendant in his judicial capacity made an order requiring the plaintiff to pay the full amount of the execution and the costs of the supplementary proceeding on or before January 10, 1931. On January 9, 1931, the plaintiff filed a voluntary petition in bankruptcy in the United States District Court for the District of Massachusetts. The attorney for the plaintiff immediately informed in person the defendant as well as the attorney for Bullock that such voluntary petition in bankruptcy had been filed. On January 12, 1931, a petition was filed

in the Fourth District Court of Bristol that the plaintiff be required to show cause why he should not be adjudged in contempt for his failure to pay in accordance with the order of December 10, 1930. Thereafter and before any hearing upon this petition, a suggestion of bankruptcy was filed on behalf of the plaintiff with the clerk of the Fourth District Court of Bristol. Notwithstanding the filing of such suggestion, the defendant in his judicial capacity, after a hearing on January 21, 1931, "in the course of which said suggestion of bankruptcy was specifically pleaded," adjudged the plaintiff to be in contempt because of his failure to comply with the previous order of December 10, 1930, and ordered the plaintiff to be committed to the house of correction for two weeks, and he was so committed and confined. Further allegations as conclusions of law are that the order of commitment was without authority under the statutes of this Commonwealth and was in violation of the Constitution of the United States and of the bankruptcy act of the United States.

A demurrer of the defendant was sustained on the ground that the matters contained in the declaration were insufficient in law to enable the plaintiff to maintain this action. The appeal of the plaintiff from the order sustaining the demurrer brings the case here. G. L. (Ter. Ed.) c. 231, § 96. *Samuel* v. *Page-Storms Drop Forge Co.* 243 Mass. 133, 134. *Pollock* v. *New England Telephone & Telegraph Co.* 289 Mass. 255.

It is to be observed that the declaration contains no allegations (1) that the judgment debt on which the supplementary proceedings were founded was a debt dischargeable in bankruptcy, (2) that that fact was set forth in the suggestion of bankruptcy which was filed and pleaded, (3) that this debt was scheduled in the list of his creditors filed in the bankruptcy court, or (4) that the plaintiff has ever been adjudicated a bankrupt.

It is a principle lying at the foundation of our jurisprudence, too well settled to require discussion, that every judge, whether of a higher or lower court, is exempt from liability to an action for any judgment or decision rendered

in the exercise of jurisdiction vested in him by law. This immunity is founded upon considerations of public policy to the end that the administration of justice may be independent, based upon free and unbiased convictions and not influenced by apprehension of personal consequences. *Pratt* v. *Gardner*, 2 Cush. 63, 68, 69, 70. *Raymond* v. *Bolles*, 11 Cush. 315, 317. *Piper* v. *Pearson*, 2 Gray, 120, 122. *Kelly* v. *Bemis*, 4 Gray, 83. *Kelley* v. *Dresser*, 11 Allen, 31. *Hoosac Tunnel Dock & Elevator Co.* v. *O'Brien*, 137 Mass. 424, 426. *White* v. *Morse*, 139 Mass. 162. *Stiles* v. *Municipal Council of Lowell*, 233 Mass. 174, 182. *Jaffarian* v. *Murphy*, 280 Mass. 402, 405. *Spruill* v. *O'Toole*, 74 Fed. Rep. (2d) 559.

It is provided by G. L. (Ter. Ed.) c. 218, § 4, that "District courts . . . shall be courts of superior and general jurisdiction with reference to all cases and matters in which they have jurisdiction . . . and the like presumption shall be made in favor of proceedings of such courts as would be made in favor of proceedings of other courts of superior and general jurisdiction." *Commonwealth* v. *Duggan*, 257 Mass. 465, 469. *Rosen* v. *United States Rubber Co.* 268 Mass. 403, 406. *Long* v. *George*, 290 Mass. 316, 319. This applies to the defendant in his conduct as judge of a district court.

The defendant as the judge of the Fourth District Court of Bristol had jurisdiction of the application of Bullock as a judgment creditor for supplementary proceedings against the plaintiff. That was conferred by the express terms of G. L. (Ter. Ed.) c. 224, §§ 1–30. *Giarruso* v. *Payson*, 272 Mass. 417. There are no allegations in the declaration that these proceedings were not properly instituted and regularly prosecuted, or that the plaintiff was not duly before the court on December 10, 1930, when the order was made requiring him to pay the full amount of the execution and costs on or before January 10, 1931, or that that order was not valid. See *Pollock* v. *New England Telephone & Telegraph Co.* 289 Mass. 255, 258. The basis of the plaintiff's alleged cause of action is that upon the filing of the voluntary petition in bankruptcy on January 9, 1931, and

the filing and pleading of a suggestion of bankruptcy in the Fourth District Court of Bristol on or before January 21, 1931, the defendant was divested of jurisdiction over the supplementary proceedings, and that hence the commitment for contempt for failure to comply with the order of December 10, 1930, constituted false imprisonment, for which the defendant is liable.

It is provided by the United States bankruptcy act (Act of July 1, 1898, c. 541, § 9, 30 U. S. Sts. at Large, 544, 549), so far as here material, that "a A bankrupt shall be exempt from arrest upon civil process except in the following cases: . . . (2) when issued from a State court having jurisdiction, and served within such State, upon a debt or claim from which his discharge in bankruptcy would not be a release . . . ." It is provided also in § 11a of the same act that "A suit which is founded upon a claim from which a discharge would be a release, and which is pending against a person at the time of the filing of a petition against him, shall be stayed until after an adjudication or the dismissal of the petition; if such person is adjudged a bankrupt, such action may be further stayed until twelve months after the date of such adjudication, or, if within that time such person applies for a discharge, then until the question of such discharge is determined." The term "arrest" as used in § 9 exempting a bankrupt from arrest on civil process includes imprisonment. *Bloomingdale* v. *Dreher*, 31 Fed. Rep. (2d) (C. C. A.) 93, 94. It is said in the opinion in that case that the "protection afforded is effective immediately after adjudication." To the same effect is *Bissing* v. *Turkington*, 113 Conn. 737, 742. If this be a correct statement of the law, manifestly the plaintiff has no cause of action because there is no allegation in his declaration that he had done more than merely file his petition. It is assumed, however, for the purposes of this decision that the protection is operative from the time of the filing of the petition in bankruptcy in accordance with the definition of bankrupt set forth in the bankruptcy act, § 1 of said c. 541. The word "suit" in said § 11 includes proceedings supplementary to execution such as are here in issue. *Matter of*

*Keenan,* 287 Mass. 577. *Worcester Color Co.* v. *Henry Wood's Sons Co.* 209 Mass. 105, 110. *Boston* v. *Turner,* 201 Mass. 190, 196. *Willard* v. *Kimball,* 277 Mass. 350, 357. *Partan* v. *Niemi,* 288 Mass. 111, 114. *Cohens* v. *Virginia,* 6 Wheat. 264, 407. *In re Adler,* 144 Fed. Rep. (C. C. A.) 659. *In re Burke,* 155 Fed. Rep. 703. Application for a stay of arrest under § 9a (2) and application for stay of suit under § 11a are no part of the proceedings to obtain a discharge in bankruptcy. Each is a part of the protection given to the bankrupt against dischargeable debts. Each must be presented to the court by proper pleadings. *In re Torgovnick,* 49 Fed. Rep. (2d) (C. C. A.) 211, 212.

The mere filing of a petition in bankruptcy does not of its own force suspend an action or proceeding in a State court or deprive a State court of power to punish for contempt for disregard of its lawful orders. *Pickens* v. *Dent,* 106 Fed. Rep. 653, 657, affirmed *sub nomine Pickens* v. *Roy,* 187 U. S. 177, 180. *Connell* v. *Walker,* 291 U. S. 1, 5. *Carroll* v. *Hannon,* 288 Penn. St. 320. State courts are entitled to proper notice by appropriate pleadings before they are obliged to yield jurisdiction over a pending case. *Eyster* v. *Gaff,* 91 U. S. 521, 525. *In re Watts,* 190 U. S. 1. *Roberts* v. *Fogg,* 244 Mass. 310, 312. It is manifest, therefore, that the jurisdiction of the Fourth District Court of Bristol was full and complete until the end of January 10, 1931, and was not suspended or superseded by the filing of the petition in bankruptcy on January 9, 1931. When January 10, 1931, passed without compliance with the order of December 10, 1930, by the plaintiff, he was in contempt of court and the defendant as judge had power to punish him therefor. G. L. (Ter. Ed.) c. 224, §§ 16, 18. *Giarruso* v. *Payson,* 272 Mass. 417. *McDermott* v. *Justices of the Municipal Court,* 287 Mass. 563. *McDermott* v. *Bryer,* 62 Fed. Rep. (2d) (C. C. A.) 297. As to the purpose of said c. 224, see *B. F. Huntley Furniture Co.* v. *Parker,* 291 Mass. 339.

The petition to show cause why the plaintiff should not be adjudged in contempt for failure to obey the order of

December 10, 1930, was filed on January 12, 1931. Before the plaintiff on January 21, 1931, was adjudged in contempt for such failure, a suggestion of bankruptcy was filed with the clerk of the court, and such suggestion also was specifically pleaded. The effect of the filing and pleading of this suggestion in bankruptcy on the jurisdiction of the defendant to punish for this contempt presents the important question. When a suit pending in a State court against a bankrupt is founded on a debt or claim from which his discharge would be a release, it is the duty of the State court, upon proper pleadings being presented, to grant a stay of proceedings. *American Wood Working Machinery Co.* v. *Furbush*, 193 Mass. 455, 457. *Wexler* v. *Davis*, 286 Mass. 142, 144. The application for such stay should be made to the State court in the first instance. *Ohio Motor Car Co.* v. *Eiseman Magneto Co.* 230 Fed. Rep. (C. C. A.) 370, 377. But the State court is under no duty to stay proceedings because it simply hears of the bankruptcy of a suitor. It must be informed of the facts in a manner appropriate to judicial proceedings. *Boynton* v. *Ball*, 121 U. S. 457. *Badger* v. *Jordan Marsh Co.* 256 Mass. 153. *Berry Clothing Co.* v. *Shopnick*, 249 Mass. 459, 463. When application is properly made for a stay of proceedings in the State court, it is the duty of that court to act in the enforcement of the provisions of the bankruptcy act. *Bissing* v. *Turkington*, 113 Conn. 737, 742. In *Hill* v. *Harding*, 107 U. S. 631, 633, in discussing the stay of proceedings in State courts, it was said: "The terms of this enactment are as broad and as peremptory as possible. . . . This provision, like all laws of the United States made in pursuance of the Constitution, binds the courts of each State, as well as those of the nation. Upon the application of the bankrupt to the court, State or national, in which the suit is pending, it is the duty of that court to stay the proceedings . . . . If neither the bankrupt nor his assignee in bankruptcy applies for a stay of proceedings, the court may of course proceed to judgment. *Doe* v. *Childress*, 21 Wall. 642; *Eyster* v. *Gaff*, 91 U. S. 521; *Norton* v. *Switzer*, 93 id. 355. The stay does not operate as a bar to the action, but only

as a suspension of proceedings until the question of the bankrupt's discharge shall have been determined in the United States court . . . ." This is the practice of our courts. See, also, G. L. (Ter. Ed.) c. 224, § 29.

The mere filing or pleading of a suggestion of bankruptcy with the clerk of courts is not an application for stay of arrest or stay of suit under §§ 9 or 11 of the bankruptcy act. The filing of a petition in bankruptcy is not of itself a complete defence to proceedings in the State court. Its utmost effect is to afford ground for stay of those proceedings. A proper pleading in the form of an answer or a special petition or motion setting forth all the facts with respect to the petition in bankruptcy, concluding with application for stay, must be filed. The matter then must be brought to the attention of the court for action. Under our practice it is settled that a suggestion of bankruptcy is not enough. *Holland* v. *Martin*, 123 Mass. 278, and cases cited. *Dalton-Ingersoll Co.* v. *Fiske*, 175 Mass. 15, 22. *Berry Clothing Co.* v. *Shopnick*, 249 Mass. 459, 463. *Cohen* v. *Industrial Bank & Trust Co.* 274 Mass. 498, 504. *Bradford* v. *Rice*, 102 Mass. 472. *Page* v. *Cole*, 123 Mass. 93. *Parker* v. *Murphy*, 215 Mass. 72, 74. *Smith* v. *Miller*, 226 Mass. 187, 188. This is the practice prevailing generally in other jurisdictions. *State* v. *Broaddus*, 234 Mo. 358, 369. *Stone* v. *Brookville National Bank*, 39 Ind. 284. *Holden* v. *Sherwood*, 84 Ill. 92. *Star Braiding Co.* v. *Stienen Dyeing Co. Inc.* 44 R. I. 8. *Harvey Co. Ltd.* v. *Braden*, 260 S. W. 653, 656. *Steadman* v. *Lee*, 61 Ga. 58. *In re Geister*, 97 Fed. Rep. 322, 323. Similar formal application for the relief sought by a bankrupt is required by G. L. (Ter. Ed.) c. 224, § 29. *DiRuscio* v. *Popoli*, 269 Mass. 482, 488. The declaration in the case at bar does not allege that a motion, application, petition or other proper pleading for stay of proceedings was presented to the defendant. Therefore the defendant was not required to take notice of the bankruptcy proceedings of the plaintiff; they were not brought to his attention in conformity to simple and settled practice and procedure. *Boynton* v. *Ball*, 121

U. S. 457. *Herschman* v. *Justices of the Municipal Court,* 220 Mass. 137, 141.

It has been assumed in the discussion thus far that the debt due from the plaintiff to Bullock was dischargeable under the bankruptcy law and that it was properly included in the schedule of debts and creditors filed by the plaintiff in the bankruptcy court. There are no allegations in the declaration touching these facts and the case might be shortly disposed of on this ground. *Bloomingdale* v. *Dreher,* 31 Fed. Rep. (2d) (C. C. A.) 93. *In re Storch,* 8 Fed. Sup. 34.

Even if it be assumed that the matter of the bankruptcy was properly pleaded, nevertheless the declaration sets out no liability on the part of the defendant. It is not argued that the Fourth District Court of Bristol did not have jurisdiction of the supplementary proceedings under G. L. (Ter. Ed.) c. 224. That court had jurisdiction to enter the order of December 10, 1930. It is expressly provided that failure without just excuse to obey the earlier order to pay the judgment and costs due to Bullock "shall constitute a contempt of court." G. L. (Ter. Ed.) c. 224, § 16. The plaintiff was bound to obey the order of December 10, 1930, unless a stay was granted. The granting of a stay would not divest that court of jurisdiction over the proceeding but would simply suspend its further action for the time being. *Hill* v. *Harding,* 107 U. S. 631, 633. The court still would have jurisdiction of the cause and the parties. *National Surety Co.* v. *Reed,* 262 Mass. 372, 376. If a stay ought to have been granted, the trial of the contempt case by the defendant and the order for commitment of the plaintiff without granting the stay constituted at most a mistake in the exercise of jurisdiction, rather than an act utterly outside of jurisdiction. *Lonergan* v. *American Railway Express Co.* 250 Mass. 30, 40–41. The subject matter of the supplemental proceedings and of the contempt of court in connection with them was within the jurisdiction of the defendant. The subject matter of granting a stay under the bankruptcy act was

within his jurisdiction. Parties to litigation have no private action against a judge who makes erroneous rulings or decisions in a proceeding within his jurisdiction. *Pratt* v. *Gardner,* 2 Cush. 63. *Piper* v. *Pearson,* 2 Gray, 120, 122. *Hoosac Tunnel Dock & Elevator Co.* v. *O'Brien,* 137 Mass. 424, 426. *Stiles* v. *Municipal Council of Lowell,* 233 Mass. 174, 182. *Jaffarian* v. *Murphy,* 280 Mass. 402, 405. *Alzua* v. *Johnson,* 231 U. S. 106, 111. *Austin* v. *Vrooman,* 128 N. Y. 229. *State* v. *Wolever,* 127 Ind. 306, 317. It was said in *Bradley* v. *Fisher,* 13 Wall. 335, 351–352: "A distinction must be here observed between excess of jurisdiction and the clear absence of all jurisdiction over the subject-matter. Where there is clearly no jurisdiction over the subject-matter any authority exercised is a usurped authority, and for the exercise of such authority, when the want of jurisdiction is known to the judge, no excuse is permissible. But where jurisdiction over the subject-matter is invested by law in the judge, or in the court which he holds, the manner and extent in which the jurisdiction shall be exercised are generally as much questions for his determination as any other questions involved in the case, although upon the correctness of his determination in these particulars the validity of his judgments may depend." The principle thus stated exonerates the defendant on the allegations of the declaration. *Randall* v. *Brigham,* 7 Wall. 523, 539, 540. *Alzua* v. *Johnson,* 231 U. S. 106, 111.

If there was error in the proceedings in the Fourth District Court of Bristol, of which complaint is here made, there was ample remedy open to the plaintiff for redress of his grievance; whether under G. L. (Ter. Ed.) c. 231, §§ 108, 109, or by writ of error, *Home Investment Co.* v. *Iovieno,* 246 Mass. 346, need not be considered.

There is no occasion to discuss the contention of the defendant that the petition in bankruptcy was no impediment to the consideration of a contempt of court committed by the plaintiff. See *In re Francisco,* 245 Fed. Rep. 216, 218; *In re Fritz,* 152 Fed. Rep. 562; *In re Spagat,* 4 Fed. Sup. 926; *Cartwright's Case,* 114 Mass. 230, 239,

240; *McCann* v. *Randall,* 147 Mass. 81, 90; *Root* v. *Mac-Donald,* 260 Mass. 344.

The plaintiff has rested his argument upon the contention that, because of the filing by him of a petition in bankruptcy, the defendant was without further jurisdiction over the supplementary proceedings. We do not understand that he has argued that the sentence for contempt was invalid because he was committed to the house of correction and not to the jail and that therefore he has a cause of action against the defendant. He has not referred to G. L. (Ter. Ed.) c. 220, § 14, or to *Hurley* v. *Commonwealth,* 188 Mass. 443, 448, which deal with that question, although in another connection he has cited *Brewer* v. *Casey,* 196 Mass. 384. That point must be taken to be waived. *Commonwealth* v. *Dyer,* 243 Mass. 472, 508.

If, however, the point be considered, it is without merit. The principle of judicial immunity exonerates the defendant. The defendant was judge of a court of superior and general jurisdiction. G. L. (Ter. Ed.) c. 218, § 4. In view of that provision, first enacted by St. 1916, c. 174, § 2, statements of somewhat narrow protection to judges of courts of inferior jurisdiction contained in *Piper* v. *Pearson,* 2 Gray, 120, and *Brewer* v. *Casey,* 196 Mass. 384, doubtless no longer are to. be given force. In a certain sense it may be thought that a sentence of this nature was beyond the jurisdiction of the court over which the defendant presided. At most, however, it was an "excess of jurisdiction" rather than "an absence of jurisdiction." *Bradley* v. *Fisher,* 13 Wall. 335, 351–352. Strong language was used in *Ex parte Lange,* 18 Wall. 163, 176 (see *Sennott's Case,* 146 Mass. 489, 493, *Commonwealth* v. *Murphy,* 174 Mass. 369, 372, and *Stalker, petitioner,* 167 Mass. 11, 12), to describe as void a sentence somewhat analogous to that here imposed. Yet the prisoner in that case was denied a remedy against the judge who imposed such a sentence even though outside his authority. *Lange* v. *Benedict,* 73 N. Y. 12; *S. C.* 99 U. S. 68. This is the generally prevailing rule. *Austin* v. *Vrooman,* 128 N. Y. 229, 237. *Sweeney* v. *O'Dwyer,* 197

N. Y. 499, 504. *Rush* v. *Buckley*, 100 Maine, 322, 331–335, and cases there reviewed. *Randall* v. *Brigham*, 7 Wall. 523, 539–540. *Alzua* v. *Johnson*, 231 U. S. 106, 111. *Yaselli* v. *Goff*, 12 Fed. Rep. (2d) (C. C. A.) 396, affirmed in 275 U. S. 503. *Broom* v. *Douglass*, 175 Ala. 268. *McIntosh* v. *Bullard, Earnheart & Magness*, 95 Ark. 227. *Grove* v. *Van Duyn*, 15 Vroom, 654. It applies to the case at bar.

*Order sustaining demurrer affirmed.*