JAMES D. COUGHLIN & another *vs.* BEDFORD GARDENS, INC. March 4, 1955. Final decree affirmed with costs of the appeal. The plaintiffs alleged that the defendant, owning sixty houses near land of the plaintiffs, built a drainage system which floods the land of the plaintiffs. A master whose report was confirmed found that the defendant has not cast water upon land of the plaintiffs, and that the plaintiffs acquiesced in the drainage system installed by the town of Bedford in 1948. No breach of duty on the part of the defendant appears.

The case was submitted on briefs.
*George Lordan*, for the plaintiffs.
*B. Robert Levin*, for the defendant.

WILLIAM F. MORIARTY *vs.* VINCENT A. MOTTOLA. April 4, 1955. Order of the Appellate Division affirmed and judgment to be entered for the defendant. This is an action of tort based upon the alleged misfeasance and nonfeasance on the part of the defendant while acting as special justice in a criminal session of the Municipal Court of the City of Boston at the trial of a complaint for larceny against the plaintiff in which the latter was found guilty and fined $10. The judge in the instant case sustained the defendant's demurrer and the report was dismissed by the Appellate Division. The order of the Appellate Division is affirmed and judgment is to be entered for the defendant. *Pratt* v. *Gardner*, 2 Cush. 63. *Allard* v. *Estes*, 292 Mass. 187, 189, 190. *Francis* v. *Crafts*, 203 Fed. (2d) 809.

*Herbert Lord*, for the plaintiff.
*Joseph H. Elcock, Jr.*, Assistant Attorney General, for the defendant.

DAVID RINES, administrator, *vs.* MARY GILMORE (and three companion cases). April 18, 1955. Exceptions overruled. These are four identical petitions brought in the Superior Court to vacate judgments entered for the defendants in four actions and to stay and supersede the executions for costs issued thereunder. The petitions were heard by a judge upon an "Agreed Statement of Facts." They come here upon exceptions to the denial of them. There was no error. The four actions which are the subject matter of the petitions were tried in the Superior Court with twelve other actions, all of which are referred to in *Rines* v. *Clerk of the Courts for the County of Norfolk*, *ante*, 527. The only argument the petitioners make in their one page brief is an assertion that "The petitions should be allowed because, as explained in a companion brief, No. 11495 [*Rines* v. *Clerk of the Courts for the County of Norfolk, supra*, which was argued with these cases], the litigation is not yet terminated." But in that case we pointed out that all bills of exceptions and all petitions to establish exceptions and all other proceedings in the tort actions which have been brought to our attention have been disposed of by this court so that nothing remains or is now pending in the Superior Court or in this court to prevent the entry of judgments for the defendants and the issuance of executions in the cases at bar. There remain for trial in the Superior Court two actions in which motions for a new trial were allowed but those cases at this time present no questions of law not heretofore disposed of.

*Bertram A. Sugarman*, for the respondents.
*Lester W. Cooch*, (*David Rines* with him,) for the petitioner.